E-FILED
Wednesday, 17 March, 2021  03:28:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | Case No.    20-CV-2303 |
| | ) |              14-CR-20042 |
| SHANNON LOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**APPENDIX TO UNITED STATES OF AMERICA'S RESPONSE TO
<u>PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255</u>**

**Page**

Letter from FPD Patton to AUSA Peirson,
    October 3, 2018……………………………………..………………………… GOV. APP. 001

Letter from FPD Patton to Judge Shadid
    October 26, 2018………………………………………………………… GOV. APP. 003

Emails between AUSA Walters and FPD Patton
    January 24, 2019……………………………………………..………… GOV. APP. 006

Email from AFPD Pollock to FPD Patton
    January 24, 2019……………………………………………..………… GOV. APP. 008

Email from AUSA Walters to Ms. Geier (with attachments)
    February 8, 2019………………………………………………………… GOV. APP. 010

Email from AUSA Walters to Ms. Geier (with attachments)
    February 13, 2019…………………………………………………...…… GOV. APP. 042

Emails between AFPD Christensen, Henderson, and FPD Patton
    March 15, 2019………………………………………………...………… GOV. APP. 075

Tolling Agreement, September 23,
    2019………………………………………………………………….… GOV. APP. 079

List of defendants covered under tolling agreement………………………… GOV. APP. 081

Emails between AFPD Pollock and FPD Patton
    October 25, 2019………………………………………………………… GOV. APP. 084

Emails between AFPD Pollock and FPD Patton
    November 4, 2019-November 5, 2019…………………………………… GOV. APP. 088

Emails between AFPD Pollock and FPD Patton
    November 8, 2019-November 18, 2019…………………………..…… GOV. APP. 090

Emails between AFPD Henderson and FPD Patton
    December 4, 2019……………………………………………...……… GOV. APP. 094

Emails between USA Milhiser and FPD Patton
    November 5, 2019-January 27, 2020………………………………….... GOV. APP. 096

Email from FPD Patton to Chief Judge Darrow
    January 28, 2020………………………….………………………… GOV. APP. 103

Transcript Excerpts, November 6, 2015, Hearing,
    *United States v. Gmoser*, No. 14-cr-20048 (C.D. Ill.)……………………GOV. APP. 104

Transcript Excerpts, February 1, 2016, Hearing,
    *United States v. Gmoser*, No. 14-cr-20048 (C.D. Ill.) ... ……………………GOV. APP. 120

FPD Spreadsheet of defendants…………………………………………… GOV. APP. 125

Letter from FPD Patton to Petitioner
    November 26, 2018…………………………………………………… GOV. APP. 127

Letter from Petitioner to FPD Patton
    December 10, 2019………………………………...………………...GOV. APP. 129

Letter from FPD Patton to Petitioner
    January 4, 2019…………………………………………….………… GOV. APP. 131

Letter from Petitioner to FPD Patton
    January 11, 2019…………………………………………………… GOV. APP. 132

Letter from Petitioner to FPD Patton
    January 27, 2019…………………………………………………… GOV. APP. 134

Letter from Petitioner to FPD Patton
    March 18, 2019 …………………………………………………..GOV. APP. 136

Letter from Petitioner to FPD Patton
    March 26, 2019 …………………………………………………………GOV. APP. 138

Letter from FPD Patton to Petitioner
    January 29, 2020…………………………………………..….. GOV. APP. 140

Letter from Petitioner to FPD Patton
    August 31, 2019 …………………………………………………GOV. APP. 142

Letter from FPD Patton to Petitioner
    September 16, 2020……………………………………………..… GOV. APP. 144

Letter from USAO to Petitioner and AFPD Pollock
    March 19, 2019………………………………………..………… GOV. APP. 146



### FEDERAL PUBLIC DEFENDER
### CENTRAL DISTRICT OF ILLINOIS

October 3, 2018

Elly M. Peirson
**Assistant United States Attorney**

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉

Lauren S. Kupersmith
**Trial Attorney**
**Child Exploitation and Obscenity Section**
**Department of Justice, Criminal Division**

▉▉▉▉▉▉▉▉▉▉

**VIA EMAIL**

Re:    *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.)
       Motion for New Trial

Dear Ms. Peirson and Ms. Kupersmith:

Chief Judge Shadid has appointed our office to represent Ms. Nixon through postconviction proceedings. I am in the process of drafting a motion for new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1), based on the improper *ex parte* communication between Judge Bruce and the United States Attorney's Office for the Central District of Illinois during Ms. Nixon's trial. As I am sure you have received and reviewed the *ex parte* communications I am not enclosing them with this letter.

Given the basis of the new trial motion, litigating the motion will be unpleasant for the Court, the U.S. Attorney's office, and the federal court system in general. If possible I would like to avoid that spectacle which would include an evidentiary hearing to explore how the emails originated, why they were not immediately turned over to the defense, and whether any of the information in the email was communicated to anyone on the trial team.

To be clear, I have no information at this time that either of you individually engaged in any misconduct. I do not want you to mistake my reference to the U.S. Attorney's office's misconduct as an allegation that you personally engaged in any unethical conduct. Regardless

---

| FEDERAL | ASSISTANT DEFENDERS | | OFFICES |
| PUBLIC DEFENDER | Robert Alvarado | Karl Bryning | ▉▉▉▉▉▉ |
| Thomas W. Patton | Johanna Christiansen | Peter Henderson | |
| | Daniel Hillis | Johanes Maliza | |
| SENIOR LITIGATOR | Brian Mullins | Elisabeth Pollock | |
| George Taseff | Douglas J. Quivey | Colleen Ramais | |



GOV. APP. 001

of your personal conduct, this situation is a mess. A hearing to dig into the details of the misconduct will be an even bigger mess. Accordingly, I ask that you consider agreeing to file a joint motion for new trial. While such a motion would not be binding on Chief Judge Shadid, I expect it would be welcome.

Please let me know your position.

Sincerely,

s/ Thomas W. Patton
Thomas W. Patton

Cc    Peter Henderson
      Sarah Nixon

GOV. APP. 002



## FEDERAL PUBLIC DEFENDER
### CENTRAL DISTRICT OF ILLINOIS

October 26, 2018

**Honorable James E. Shadid**
**Chief United States District Judge**



**VIA EMAIL**

Re:    Representing Clients In Post-Conviction Challenges Based on Judge Bruce's *Ex Parte* Emails

Dear Judge Shadid:

You are aware of the *ex parte* email exchange between Judge Bruce and Lisa Hopps of the United States Attorney's office during the trial in *United States v. Nixon*, Case No. 15-20057 (C.D. Ill). Since the disclosure of the emails in the *Nixon* case, the United States Attorney's office has disclosed additional *ex parte* emails between its staff and Judge Bruce. The disclosures are being made to the counsel of record in the district court. My office has received several such disclosures, many detailed in the motion for new trial filed in *Nixon*.

In my opinion, my office has a duty to assist our clients in filing post-conviction challenges to their convictions and sentences based on the disclosed emails. The CJA, 18 U.S.C. § 3006A(c), provides that: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." The term "ancillary matters" was designed to encompass efforts outside of the original proceeding that protect the rights of the accused. *See* H.R. Rep. No. 1546, 91st Cong., 2d Sess., reprinted in 1970 U.S.C.C.A.N. 3982, 3989 ("The act would not only provide for appointed counsel at every stage of the trial from initial appearance through appeal, but also for 'ancillary matters appropriate to the proceedings.' This provision is necessary to insure that the rights of the persons are fully protected. Many times remedies technically outside the scope of the trial proper may be necessary to insure that the rights of the persons are fully protected. . . . Although there is no apparent ruling to the contrary, the express inclusion of 'ancillary matters appropriate to the proceedings' will insure that the attorney who spends time and effort to protect a right considered valuable in defending the principal criminal charge can be compensated under the Act.").

FEDERAL
PUBLIC DEFENDER
Thomas W. Patton

SENIOR LITIGATOR
George Taseff

ASSISTANT DEFENDERS
Robert Alvarado          Karl Bryning
Johanna Christiansen     Peter Henderson
Daniel Hillis            Johanes Maliza
Brian Mullins            Elisabeth Pollock
Douglas J. Quivey        Colleen Ramais

OFFICES




GOV. APP. 003

The *Guide to Judiciary Policy* also instructs that when "determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." *Guide to Judiciary Policy*, Vol. 7, Ch. 2, § 210.20.30(b); *see also In re Burger*, 498 U.S. 233, 234-35 (1991) (per curiam) (citing *Guide to Judiciary Policy* in interpreting Criminal Justice Act). Section 210.20.30(c) instructs that "[i]n determining whether representation in an ancillary matter is appropriate to the proceedings, the court should consider whether such representation is reasonably necessary to accomplish, amount other things, one of the following objectives: (1) to protect a Constitutional right. . . ." The right to be tried before an unbiased judge is a basic component of due process of law. *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). Section 210.20.30(e) of the *Guide* also explains that ancillary matters do not require a new appointment, and are part of the representation in the principal case. Id. at § 210.20.30(e) ("[r]epresentation in an ancillary matter . . . is not considered a separate appointment . . . ."). In other words, such representation is "part of the representation in the principal [criminal case.]" *Id*.

Based on the foregoing, it is my opinion we do not need to be reappointed to represent clients we represented before Judge Bruce in order to file either a new trial motion or a § 2255 motion based on Judge Bruce's emails. I see Ms. Nixon's case as distinguishable as we had affirmatively been allowed to withdraw from representing Ms. Nixon. Because of that fact it was necessary for our office to be reappointed to represent Ms. Nixon in post-conviction proceedings.

While I do not think we need to be reappointed to file post-conviction challenges for our clients with regard to Judge Bruce's emails, I do not want to complicate these cases any further by acting in a way you believe is contrary to the Act. Section 210.20.30(f) of the *Guide* provides that "[a] private panel attorney appointed under the CJA may obtain, through an *ex parte* application to the court, a preliminary determination that the representation to be provided in an ancillary matter is appropriate to the principal criminal proceeding and compensable under 18 U.S.C. § 3006A(c) and this guideline." While we are not "private panel attorney['s]," I would like to have this point clarified before I proceed if you feel comfortable providing such guidance.

If you agree our original appointment authorizes our filing of post-conviction motions based on the emails I will proceed accordingly. If you do not believe our original appointment allows us to file post-conviction motions I respectfully request you enter an administrative order reappointing the office to clients we have represented before Judge Bruce who may have a meritorious post-conviction motion based on Judge Bruce's emails.

While I do not believe the United States Attorney's office should have input into client representation matters, given the circumstances and out of an abundance of caution I have

copied United States Attorney Childress and First Assistant Hansen to avoid any appearance of impropriety.

Thank you for your consideration of this matter.

Sincerely,

*s/ Thomas W. Patton*
Thomas W. Patton

Cc:   John E. Childress, United States Attorney
       Patrick D. Hansen, First Assistant United States Attorney

**Thomas Patton**

| | |
|---|---|
| **From:** | Walters, Greggory (USAILC) ███████████████ |
| **Sent:** | Thursday, January 24, 2019 11:02 AM |
| **To:** | Thomas Patton |
| **Subject:** | Pending Appeal, United States v. Atwood |
| **Attachments:** | Appellant's Brief.pdf; Fowler v Butts.pdf |

Dear Tom,

Last week, Defendant James Atwood, Appeal No. 18-2112 (Michelle Jacobs, counsel) filed the attached brief raising a Section 455(a) appearance-of-bias recusal issue based on the USAO-CSB emails. In her brief, Ms. Jacobs cites *Fowler v. Butts* (also attached), a case with which I was unfamiliar before reading the *Atwood* brief. In short, the court in *Fowler* reviewed de novo a 455(a) recusal issue that was raised for the first time on appeal.

My records show that we presently have three CSB appeals that are not fully briefed in which a member of your office is presently counsel of record: *U.S. v. Marshon Simon* (Lis), *U.S. v. Jose Ramirez-Santos* (Johanes), and *U.S. v. Tremayne Dozier* (also Johanes). In the latter two appeals, the defense has yet to file an opening brief. In the *Marshon Simon* appeal, Lis recently filed her opening brief (01/04) and she raised a 455(a) argument, but the argument is unrelated to the CSB emails. If she wishes to file an amended brief that makes a more expansive 455(a) argument, I would have no objection to a motion seeking leave to do so.

Please understand that I am not committing to what the government's substantive position would be on a 455(a) recusal issue should your office's clients raise the same issue that Mr. Atwood has raised. But I wanted to bring this to your attention as a professional courtesy.

Respectfully yours,

Gregg

Greggory R. Walters
Assistant United States Attorney



Emails to and from this account are subject to archival and disclosure.

GOV. APP. 006

the defense has yet to file an opening brief. In the *Marshon Simon* appeal, Lis recently filed her opening brief (01/04) and she raised a 455(a) argument, but the argument is unrelated to the CSB emails. If she wishes to file an amended brief that makes a more expansive 455(a) argument, I would have no objection to a motion seeking leave to do so.

Please understand that I am not committing to what the government's substantive position would be on a 455(a) recusal issue should your office's clients raise the same issue that Mr. Atwood has raised. But I wanted to bring this to your attention as a professional courtesy.

Respectfully yours,

Gregg

Greggory R. Walters
Assistant United States Attorney

Emails to and from this account are subject to archival and disclosure.

2

## Thomas Patton

**From:** Elisabeth Pollock
**Sent:** Thursday, January 24, 2019 4:35 PM
**To:** Thomas Patton
**Subject:** FW: Pending Appeal, United States v. Atwood
**Attachments:** Appellant's Brief.pdf; Fowler v Butts.pdf

What do you think about this? I had not planned on raising this on direct appeal…

**From:** Walters, Greggory (USAILC) ███████████████
**Sent:** Thursday, January 24, 2019 11:06 AM
**To:** Elisabeth Pollock ████████████
**Subject:** FW: Pending Appeal, United States v. Atwood

Dear Lis,

Please see the email below that I sent to Tom. Thank you.

Gregg

P.S. Have a safe trip back from CA7.

**From:** Walters, Greggory (USAILC)
**Sent:** Thursday, January 24, 2019 11:01 AM
**To:** 'Thomas Patton' ████████████
**Subject:** Pending Appeal, United States v. Atwood

Dear Tom,

Last week, Defendant James Atwood, Appeal No. 18-2112 (Michelle Jacobs, counsel) filed the attached brief raising a Section 455(a) appearance-of-bias recusal issue based on the USAO-CSB emails. In her brief, Ms. Jacobs cites *Fowler v. Butts* (also attached), a case with which I was unfamiliar before reading the *Atwood* brief. In short, the court in *Fowler* reviewed de novo a 455(a) recusal issue that was raised for the first time on appeal.

My records show that we presently have three CSB appeals that are not fully briefed in which a member of your office is presently counsel of record: *U.S. v. Marshon Simon* (Lis), *U.S. v. Jose Ramirez-Santos* (Johanes), and *U.S. v. Tremayne Dozier* (also Johanes). In the latter two appeals, the defense has yet to file an opening brief. In the *Marshon Simon* appeal, Lis recently filed her opening brief (01/04) and she raised a 455(a) argument, but the argument is unrelated to the CSB emails. If she wishes to file an amended brief that makes a more expansive 455(a) argument, I would have no objection to a motion seeking leave to do so.

GOV. APP. 008

Please understand that I am not committing to what the government's substantive position would be on a 455(a) recusal issue should your office's clients raise the same issue that Mr. Atwood has raised. But I wanted to bring this to your attention as a professional courtesy.

Respectfully yours,

Gregg

Greggory R. Walters
Assistant United States Attorney

Emails to and from this account are subject to archival and disclosure.

2

**Thomas Patton**

| | |
|---|---|
| **From:** | Walters, Greggory (USAILC) ▮▮▮▮▮▮▮▮▮ |
| **Sent:** | Friday, February 8, 2019 5:45 PM |
| **To:** | 'Cathy ▮▮▮▮▮▮▮▮ |
| **Cc:** | Milhiser, John (USAILC); Thomas Patton |
| **Subject:** | New Miscellaneous Matter No. for Chief Judge's Review |
| **Attachments:** | Motion for Leave.pdf; Attachment 1 to Motion.pdf; Attachment 2 to Motion.pdf; Attachment 3 to Motion.pdf; Proposed Order.pdf; Proposed Order.docx |

Cathy,

Although this miscellaneous matter has no opposing party, I have copied Mr. Patton on this email given the subject matter of the government's motion, attachments, and proposed order.

It has been a long while since I have commenced a miscellaneous case. If you would prefer I do it in a different manner or bring hard copies to chambers in lieu of email attachments, please advise. Otherwise, would you please see that the motion, attachments to the motion, and order make it to the clerk's office for filing? And would you please advise if/when JES signs the order?

Thank you, Cathy, and have a good weekend.

Gregg

Greggory R. Walters
Assistant United States Attorney



Emails to and from this account are subject to archival and disclosure.

GOV. APP. 010

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT URBANA

IN THE MATTER OF COMMUNICA-   )
TIONS BETWEEN THE HON. COLIN   )      No. 19-mc-_____
S. BRUCE AND THE UNITED STATES )
ATTORNEY'S OFFICE                          )

GOVERNMENT'S MOTION FOR ORDER AUTHORIZING
LIMITED CONTACT WITH DEFENDANTS WHO ARE
REPRESENTED BY COUNSEL

The United States of America, for its motion for an order authorizing the

United States to have limited contact with defendants who are represented by

counsel, states:

1.      As this Court is aware, the U.S. Attorney's Office for the Central

District of Illinois has learned of an ex parte communication between the Hon.

Colin S. Bruce, U.S. District Judge, and a staff member in our office that occurred

in December 2016 and related to the case of *United States v. Nixon*, Case No. 15-cr-

20057 (C.D. Ill.). *See* Attachment 1.

2.      Following our office's discovery of that communication, we

searched our records for all documented communications, including non-ex-

parte communications, which occurred between Judge Bruce and at least one

member of our office. Our search resulted in the identification of approximately

1,230 such communications.

3.    Of those approximately 1,230 communications, we identified approximately 100 communications that constituted potentially unauthorized ex parte communications. The government has since turned over copies of the approximately 100 communications in the case(s) to which each communication related, with the exception of three email strings (11 emails total) where the government was not able to determine the related case(s).

4.    In general, but not exclusively, the potentially unauthorized ex parte communications that involved Judge Bruce and U.S. Attorney's Office personnel related to the scheduling of hearings; the provision of documents, such as plea agreements and jury instructions, to the judge in advance of a hearing or trial; and the judge inquiring about (and/or U.S. Attorney's Office personnel informing the judge of) whether the government anticipated a particular case(s) was proceeding to trial.

5.    Some of the communications, including non-ex-parte communi-cations , also revealed that Judge Bruce, a former Assistant United States Attorney, maintained a degree of friendship with some of his former colleagues after he became a federal judge in October 2013. For instance, some of the communications revealed that the judge and some members of the U.S.

2

Attorney's Office at times engaged in friendly banter, discussed inside jokes, common experiences, and political topics; and used first names, nicknames, and unprofessional titles.

6.    Since the government's disclosure of the potentially unauthorized ex parte communications, three defendants have filed post-judgment motions in which each defendant has alleged that communications between Judge Bruce and our office demonstrate that the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Gmoser*, Case No. 14-cr-20048-004 (C.D. Ill.) (motion for new trial and supplemental motion under Rule 33 filed on October 3 and December 28, 2018); *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.) (motion for new trial under Rule 33 filed on October 25, 2018); and *Shannon v. United States*, Case No. 18-cv-2233 (C.D. Ill.) (motion under 28 U.S.C. § 2255 filed on September 17, 2018).

7.    Additionally, one defendant has raised on direct appeal the issue of whether Judge Bruce erred by failing to disqualify himself under 28 U.S.C. § 455(a) and/or whether the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Atwood*, No. 18-2113 (7th Cir.) (opening brief filed January 17, 2019).

3

GOV. APP. 013

8.     Although it is the government's position that Judge Bruce did not have a disqualifying bias against any defendant, we recognize that at least four defendants presently contend otherwise.

9.     To comply with any applicable professional rules and/or constitutional obligations, the government will be providing notice of the communications between Judge Bruce and our office to each criminal defendant for whom Judge Bruce presided over:

> A.     a guilty plea (including the adoption of a magistrate judge's report and recommendation concerning a guilty plea) or a trial that resulted in a conviction;

> B.     a sentencing hearing; and/or

> C.     the revocation or modification of a supervised release term or condition(s) of supervised release,

with the exception that the government will not be sending notice to Defendants Gmoser, Nixon, Shannon, and Atwood, each of whom has already raised the issue post-judgment by either a motion for new trial, motion under 28 U.S.C. § 2255, or merits brief on direct appeal. *See* Attachment 2.

10.     The government intends to send notice via the proposed letter accompanying this motion. *See* Attachment 3.

4

GOV. APP. 014

11.     To ensure that each defendant listed in the chart receives notice that he or she may be entitled to seek post-judgment relief, we intend to send the letter to each defendant's last known counsel of record *and* to each defendant at his or her last known address.

12.     Some of the defendants are, or may be, represented by counsel. Rule 4.2 of the Illinois Rules of Professional Conduct provides that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless * * * authorized to do so by * * * a court order." *See also* ABA Model Rule 4.2 (same).

13.     We are therefore requesting leave of this Court to make contact with each defendant by means of the proposed letter, even if the defendant is presently represented by counsel.

14.     Accompanying this motion is a proposed order. Should this Court grant the government's motion, a copy of the order and the December 2016 email string (Bates Nos. 2539-2548) will be enclosed with each letter.

5

For the reasons presented, the United States requests that this Court grant this motion and authorize the government to make limited contact with defendants who are or may be represented by counsel via the enclosed proposed letter and enclosures to that letter.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

By:   /s/Greggory R. Walters
Assistant United States Attorney

6

| From: | Hopps, Lisa (USAILC) |
| --- | --- |
| To: | "Colin █████████████ |
| Subject: | Jim"s Farewell |
| Date: | Friday, December 16, 2016 4:26:29 PM |

And just WHERE WERE YOU today?????

# Lisa Hopps

Paralegal Specialist

United States Attorneys Office

| | |
|---|---|
| **From:** | Colin█████████████ |
| **To:** | Hopps, Lisa (USAILC) |
| **Subject:** | RE: Jim"s Farewell |
| **Date:** | Saturday, December 17, 2016 2:11:18 PM |

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an
entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged' "supposedly" "your
story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) █████████████ [mailto:Hopps, Lisa (USAILC)
████████████
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin████████████████ █████████████
**Subject:** Jim's Farewell

And just WHERE WERE YOU today?????

# Lisa Hopps

Paralegal Specialist
United States Attorneys Office

| | |
|---|---|
| **From:** | Hopps, Lisa (USAILC) |
| **To:** | Colin |
| **Subject:** | RE: Jim's Farewell |
| **Date:** | Saturday, December 17, 2016 3:59:52 PM |

Are you kidding me?!?!  Wow.  Never ☹.  Staci is the paralegal in training over there so I'm o-u-t.

**From:** Colin_____ [mailto                         ]
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC)                          >
**Subject:** RE: Jim's Farewell

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged' "supposedly" "your story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC)                         [mailto:Hopps, Lisa (USAILC)
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** '"Colin_____
**Subject:** Jim's Farewell

And just WHERE WERE YOU today?????

# Lisa Hopps
Paralegal Specialist
United States Attorneys Office

| | |
|---|---|
| **From:** | Colin ████████████████ |
| **To:** | Hopps, Lisa (USAILC) |
| **Subject:** | RE: Jim''s Farewell |
| **Date:** | Saturday, December 17, 2016 5:10:14 PM |

Damn it! I could use a little Lisa Hopps in the courtroom just to see you.
Staci is doing a good job, so you trained her well.

So far in this trial, in the over one hour cross-examination, the DOJ attorney has done a WONDERFUL job of repeating the bullshit the defendant said as if the defendant's story was all fact.

How about the BASIC cross-examination skill of saying "and then the ALLEGED event took place" or "and then, SUPPOSDEDLY, this happened" or "so ACCORDING TO YOUR STORY…."

This trial went from a slam-dunk for the prosecution to about a 60-40 for the defendant, and there is more cross-examination to go……

**From:** Hopps, Lisa (USAILC) ████████████████ [mailto:Hopps, Lisa (USAILC) ████████████ ]
**Sent:** Saturday, December 17, 2016 4:00 PM
**To:** "Colin ████████████████ < ████████████████ >
**Subject:** RE: Jim's Farewell

Are you kidding me?!?! Wow.  Never ☹.  Staci is the paralegal in training over there so I'm o-u-t.

**From:** Colin ████████████████ [ ████████████████ ]
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC) ████████████████
**Subject:** RE: Jim's Farewell

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged" "supposedly" "your story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) ███████████████ [mailto:Hopps, Lisa (USAILC)
████████████
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin████████████████ ████████████████████
**Subject:** Jim's Farewell

And just WHERE WERE YOU today?????

# Lisa Hopps

Paralegal Specialist
United States Attorneys Office

**From:**     Hopps, Lisa (USAILC)
**To:**                  █████████████
**Subject:**  RE: Jim"s Farewell
**Date:**     Saturday, December 17, 2016 7:54:59 PM

DITTO my friend!! She is, I'm happy for her.  OMG.  How do you
sit through that?  I can just see you looking like you're bored
to death, but on the inside you're cracking yourself up with
jokes!  I would NOT be able to make eye contact with you.
hahahahaha

**From:** Colin█████████████████ [mailto █████████████████]
**Sent:** Saturday, December 17, 2016 5:10 PM
**To:** Hopps, Lisa (USAILC)████████████
**Subject:** RE: Jim's Farewell

Damn it! I could use a little Lisa Hopps in the courtroom just to see you.
Staci is doing a good job, so you trained her well.

So far in this trial, in the over one hour cross-examination, the DOJ attorney has done
a WONDERFUL job of repeating the bullshit the defendant said as if the defendant's
story was all fact.

How about the BASIC cross-examination skill of saying "and then the ALLEGED
event took place" or "and then, SUPPOSDEDLY, this happened" or "so
ACCORDING TO YOUR STORY…."

This trial went from a slam-dunk for the prosecution to about a 60-40 for the
defendant, and there is more cross-examination to go……

**From:** Hopps, Lisa (USAILC) ████████████ [mailto:Hopps, Lisa (USAILC)
████████████ **Sent:** Saturday, December 17, 2016 4:00 PM
**To:** "Colin████████████ ████████████
**Subject:** RE: Jim s Farewell

Are you kidding me?!?! Wow.  Never ☹.  Staci is the paralegal
in training over there so I'm o-u-t.

**From:** ████████████████████
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC) ████████████
**Subject:** RE: Jim's Farewell

Trial. Elly.

GOV. APP. 022

Where evidently the Elly and Co. decided they did not want to win by letting an entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged' "supposedly" "your story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) <█████████████ [mailto:Hopps, Lisa (USAILC) ███████████████ ]
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin████████████████████████
**Subject:** Jim's Farewell

**And just WHERE WERE YOU today?????**

# Lisa Hopps

Paralegal Specialist
United States Attorneys Office

█████████████████████
█████████████████████
█████████████████████
█████████████████████

| | |
|---|---|
| **From:** | Colin█████████████████ |
| **To:** | Hopps, Lisa (USAILC) |
| **Subject:** | RE: Jim"s Farewell |
| **Date:** | Sunday, December 18, 2016 12:45:15 PM |

I work hard not to try any of the cases.
I actually have a sign on the bench from Judge Baker that says "DO NOT TRY THE CASE".

When I'm not making internal jokes or when I'm not completely bored, lots of times I am cringing.

I really cringed when the inexperienced DOJ attorney starting crossing the defendant in this case..
During this cross-examination, I keep wanting to say, "Seriously? That is your plan? Repeat the testimony of the defendant as though it was fact and then say, 'Right?'"

And if you were in the courtroom, yes, I would be giving you looks that would make you crack-up.

**From:** Hopps, Lisa (USAILC) █████████████████ [mailto:Hopps, Lisa (USAILC)
█████████████ ]
**Sent:** Saturday, December 17, 2016 7:55 PM
**To:** "Colin_█████████████████████████
**Subject:** RE: Jim's Farewell

DITTO my friend!! She is, I'm happy for her.  OMG.  How do you
sit through that?  I can just see you looking like you're bored
to death, but on the inside you're cracking yourself up with
jokes!  I would NOT be able to make eye contact with you.
hahahahaha

**From:** █████████████████████████████████
**Sent:** Saturday, December 17, 2016 5:10 PM
**To:** Hopps, Lisa (USAILC) ████████████████
**Subject:** RE: Jim's Farewell

Damn it! I could use a little Lisa Hopps in the courtroom just to see you.
Staci is doing a good job, so you trained her well.

So far in this trial, in the over one hour cross-examination, the DOJ attorney has done a WONDERFUL job of repeating the bullshit the defendant said as if the defendant's story was all fact.

How about the BASIC cross-examination skill of saying "and then the ALLEGED event took place" or "and then, SUPPOSDEDLY, this happened" or "so ACCORDING TO YOUR STORY…."

This trial went from a slam-dunk for the prosecution to about a 60-40 for the defendant, and there is more cross-examination to go……

**From:** Hopps, Lisa (USAILC) ███████████████ [mailto:Hopps, Lisa (USAILC)
███████] **Sent:** Saturday, December 17, 2016 4:00 PM
**To:** "Colin ███████████████████
**Subject:** RE: Jim's Farewell

```
Are you kidding me?!?!  Wow.   Never  ☹.   Staci is the paralegal
in training over there so I'm o-u-t.
```

**From:** Colin ███████████████████████
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC) ███████████████>
**Subject:** RE: Jim's Farewell

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged" "supposedly" "your story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) ███████████████ [mailto:Hopps, Lisa (USAILC)
███████] **Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin ███████████████████
**Subject:** Jim's Farewell

**And just WHERE WERE YOU today?????**

# Lisa Hopps

Paralegal Specialist
United States Attorneys Office

GOV. APP. 026

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 14-CR-2007 | JB Brown, Jr. | Eugene L. Miller | Timothy W. Burns |
| 14-CR-2008 | Troy J. Kelly | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2009 | Charles D. Nance | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2010 | Quentin L. Wilder | Jason M. Bohm | Daniel J. Elrod |
| 14-CR-2015 | Aaron M. Webb | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-2022 | Tommie L. Buie | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-2023 | Edward R. Walker | Ronda H. Coleman | Jay W. Mez |
| 14-CR-2026 | Edward Dorsey, Sr. | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2027 | David E. Auteberry | Elham M. Peirson | Kristen N. Nelson |
| 14-CR-2029 | Sentray D. Coney | Eugene L. Miller | Ronald S. Langacker |
| 14-CR-2030 | Khayree M. Bond | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2031 | Winston D. Strayhorn | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-2032 | Maurice Collins | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2033 | Greg Bullias | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-2034 | Stacey L. Judd | Eugene L. Miller | John E. Martin |
| 14-CR-2035 | Eulalio L. Martinez | Eugene L. Miller | Ronald S. Langacker |
| 14-CR-2035 | David L. Garcia, Jr. | Eugene L. Miller | Carlton M. Kagawa |
| 14-CR-2035 | Oscar Martinez | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-2036 | Kaleb A. Smith | Rachel E. Ritzer | FPD – Michael A. Chandra |
| 14-CR-2037 | Dennis P. Droughns | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-2038 | Keith D. Helmick | Jason M. Bohm | Baku N. Patel |
| 14-CR-2039 | Marino Jose Diaz | Jason M. Bohm | Thomas A. Bruno |
| 14-CR-2042 | Shannon Logan | Elham M. Peirson | FPD – Elisabeth R. Pollock |

1

GOV. APP. 027

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 14-cr-20043 | Monica Adriana Zacatlan Ramirez | Elham M. Peirson | Brendan P. Harris |
| 14-cr-20043 | Eduardo Guerrero Cortez | Elham M. Peirson | FPD – Peter W. Henderson |
| 14-cr-20043 | Jarbey Emerson Reyes Villalobos | Elham M. Peirson | Bruce G. Ratcliffe |
| 14-CR-20044 | Kameron L. Farrington | Eugene L. Miller | Baku N. Patel |
| 14-CR-20045 | William S. Despenza | Ronda H. Coleman | Tod M. Urban |
| 14-CR-20046 | Richard L. Spencer | Jason M. Bohm | FPD – Peter W. Henderson |
| 14-CR-20047 | Christie L. Bowman | Jason M. Bohm | FPD – Elisabeth R. Pollock |
| 14-CR-20047 | Christa L. Winkler | Jason M. Bohm | FPD – Elisabeth R. Pollock |
| 14-CR-20048 | Brian W. Davis[1] | Elham M. Peirson | Ronald S. Langacker |
| 14-CR-20048 | Andrew D. Hoff | Elham M. Peirson | Jon G. Noll |
| 14-CR-20048 | David Delalio | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-20048 | Dakota K. Martin | Elham M. Peirson | Scott J. Frankel |
| 14-CR-20049 | Heraclio Cornejo-Garcia | Jason M. Bohm | Mark K. Wykoff, Sr. |
| 14-CR-20050 | Austin A. Burns | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-20051 | Antwon T. Crite | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20052 | Brian K. Dalton | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-20054 | Carlton L. Smith | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20055 | Roosevelt D. Smith | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20056 | Jermaine R. Speed | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-20057 | Rico J. Speed | Eugene L. Miller | FPD – Thomas W. Patton |
| 14-CR-20058 | Charles V. Williams | Eugene L. Miller | FPD – Peter W. Henderson |

[1] Brian W. Davis had another criminal case before Judge Colin S. Bruce (Central District of Illinois Case No. 15-CR-20036), which is included below.

GOV. APP. 028

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 14-CR-20060 | Dasse R. Yobo | Jason M. Bohm | FPD – Peter W. Henderson |
| 14-CR-20063 | George L. Salinas[2] | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20064 | Randal D. Young | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-20065 | Valeriano J. Zarate | Eugene L. Miller | Baku N. Patel |
| 14-CR-20066 | Roger A. Forgy | Ronda H. Coleman | FPD – Peter W. Henderson |
| 14-CR-20067 | Shontez L. Frazier | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20069 | Talon G. Wright | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-20070 | George A. Harper | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20073 | Harold Lacy | Bryan D. Freres | Joseph P. Chamley |
| 14-CR-20074 | George L. Salinas | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20075 | Wallace N. Pugh | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20005 | Jose Lopez-Maldonado | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20006 | Jesus Trujillo-Montes | Ronda H. Coleman | FPD – Peter W. Henderson |
| 15-CR-20008 | Edward C. Brown | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 15-CR-20009 | Gene T. Hardwick | Jason M. Bohm | James A. Martinkus |
| 15-CR-20010 | Morris L. Corbitt | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20013 | Duane B. Carey | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20015 | Calvin Eason | Elham M. Peirson | Ronald S. Langacker |
| 15-CR-20016 | Jeffery Markel | Katherine V. Boyle | FPD – Elisabeth R. Pollock |
| 15-CR-20017 | Chonice L. Burtley | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20019 | Richard N. Frederick | Ronda H. Coleman | FPD – Peter W. Henderson |
| 15-CR-20020 | Ashton T. Gray | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20021 | Markese D. Smith | Eugene L. Miller | Alexander E. Budzenski |

---

[2] George L. Salinas also had a Central District of Illinois case involving a supervised release violation (14-CR-20074), which is included below.

GOV. APP. 029

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 15-CR-20023 | Robert East | Ronda H. Coleman | Thomas A. Gibbons |
| 15-CR-20024 | Jacob D. Sallie | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 15-CR-20026 | Epismenio Nieto-Hernandez | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20031 | Jeremy D. Hoffman | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20032 | Charissie Davis | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20033 | Sheron M. Bibb | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20035 | Jimmy Cooper, Jr. | Katherine V. Boyle | FPD – Peter W. Henderson |
| 15-CR-20036 | Brian W. Davis | Elham M. Peirson | Jon G. Noll |
| 15-CR-20037 | Christopher M. Fiore | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20039 | Carlos Gomez-Thomas | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20040 | Dakota K. Martin | Elham M. Peirson | Mark K. Wykoff, Sr. |
| 15-CR-20043 | Jerry S. Minnieweather | Eugene L. Miller | Baku N. Patel |
| 15-CR-20044 | Izell L. Pittman | Katherine V. Boyle | Ronald S. Langacker |
| 15-CR-20045 | Kelton Snyder | Jason M. Bohm | Martin L. Roth |
| 15-CR-20046 | Brian Daum | Katherine V. Boyle | NDCA FPD – Loren Dougherty Stewart |
| 15-CR-20047 | Susan Piros | Eugene L. Miller | Joshua S. Lowther |
| 15-CR-20048 | Dashun W. Avery | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20049 | Arnett D. Brown | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20050 | Sukhwinder Multani | Jason M. Bohm | Anthony A. Bruno |
| 15-CR-20051 | Jeffrey Parkhurst | Elham M. Peirson | Elvira R. Kras |
| 15-CR-20052 | Niles C. Wray | Katherine V. Boyle | FPD – Peter W. Henderson |
| 15-CR-20054 | Terrence J. O'Connor | Bryan D. Freres | FPD – Peter W. Henderson |
| 15-CR-20056 | Tekeyra Moore | Katherine V. Boyle | FPD – Peter W. Henderson |
| 15-CR-20058 | Henry L. Johnson | Eugene L. Miller | FPD – Elisabeth R. Pollock |

4

GOV. APP. 030

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 15-CR-20059 | Ruben A. Paz-Giron | Eugene L. Miller | FPD – Elisabeth R. Pollock and Colleen M. Ramais |
| 15-CR-20061 | Charles Detzel | Katherine V. Boyle | FPD – George F. Taseff |
| 15-CR-20062 | Darien Spates | Katherine V. Boyle | FPD – Elisabeth R. Pollock |
| 15-CR-20062 | Marilyn Phillips | Katherine V. Boyle | Harvey C. Welch |
| 15-CR-20062 | Khadija Phillips | Katherine V. Boyle | Baku N. Patel |
| 15-CR-20064 | Terral Thomas | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20001 | Jerry L. Conner | Katherine V. Boyle | Theodore T. Poulos |
| 16-CR-20002 | Kevin Pettis | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20004 | Jose J. Lopez | Eugene L. Miller | Lisa M. Lopez |
| 16-CR-20005 | Jose Tinoco-Hernandez | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20006 | Karl Marksteiner | Eugene L. Miller | William Galati |
| 16-CR-20007 | Evan Grider | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20008 | Robert Haley | Katherine V. Boyle | J. Steven Beckett |
| 16-CR-20010 | Jesse Harper | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20011 | Nicholas Applegate | Bryan D. Freres | Baku N. Patel |
| 16-CR-20012 | Emerson Brooks | Bryan D. Freres | Harvey C. Welch |
| 16-CR-20013 | Fernando Toledo-Hernandez | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20014 | Delahn Amos | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20015 | Deondre Coleman | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20016 | Brian R. Walter | Katherine V. Boyle | FPD – Thomas W. Patton |
| 16-CR-20017 | Ladonta A. Tucker | Eugene L. Miller | Diana S. Lenik |
| 16-CR-20018 | Christopher M. Cooper-Britton | Eugene L. Miller | Donald Parkinson |
| 16-CR-20019 | Oliverio Guzman-Cruz | Remy Taborga | FPD – Elisabeth R. Pollock |

5

GOV. APP. 031

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 16-CR-20020 | Deandre Thomas | Remy Taborga | FPD – Elisabeth R. Pollock |
| 16-CR-20022 | Daniel Ruiz-Sermeno | Bryan D. Freres | Baku N. Patel |
| 16-CR-20023 | Bradley Reddy | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20029 | Clifford Colbert | Bryan D. Freres | Anthony A. Bruno |
| 16-CR-20030 | Justin Daily | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20031 | Darryl S. Coleman | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20032 | William D. Roper, III | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20033 | Clinton Schaffer | Eugene L. Miller | Anthony A. Bruno |
| 16-CR-20034 | Vondale Banks | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20035 | Andre Davis | Katherine V. Boyle | FPD – Elisabeth R. Pollock |
| 16-CR-20036 | Darius Dawson | Bryan D. Freres | Ronald S. Langacker |
| 16-CR-20036 | Kenneth Blatcher | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20036 | Ronald Posey | Bryan D. Freres | J. Steven Beckett |
| 16-CR-20037 | Nicholas Demmer | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20038 | Avers Douglas | Bryan D. Freres | Hannah V. Garst |
| 16-CR-20040*[3] | Jeremy Hoover | Bryan D. Freres | Lawrence S. Beaumont |
| 16-CR-20040* | Jay Chandler | Bryan D. Freres | Ronald S. Langacker |
| 16-CR-20040* | Martavis Jones | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20041 | Dezswan Love | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20042 | Pierre Saxon | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20043 | Jessie Dorsett | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20043 | Jovan Saulsberry | Bryan D. Freres | Purav P. Bhatt |
| 16-CR-20045 | Jesse Guardiola | Bryan D. Freres | Courtney K. Lang |

[3] An asterisk (*) identifies a case transferred to another district judge after Judge Bruce's August 2018 removal from criminal cases.

6

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 16-CR-20045 | Heather Grad | Bryan D. Freres | J. Steven Beckett |
| 16-CR-20046 | Joseph Horton | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20047 | Gary H. Luna | Eugene L. Miller | Brian E. King |
| 16-CR-20047 | Michael L. Daniels | Eugene L. Miller | David N. Rumley |
| 16-CR-20048 | Santos Salgado | Bryan D. Freres | Diana S. Lenik |
| 16-CR-20049 | Bryce Stiff | Bryan D. Freres | Anthony A. Bruno |
| 16-CR-20050 | John F. Gherna | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 16-CR-20051 | James Parker | Bryan D. Freres | Baku N. Patel |
| 16-CR-20051 | William Gramigna, III | Bryan D. Freres | Ronald S. Langacker |
| 16-CR-20051 | Jacob Larry | Bryan D. Freres | Bruce G. Ratcliffe |
| 16-CR-20052* | Earl R. Orr | Bryan D. Freres | Baku N. Patel |
| 16-CR-20053 | Maurice Terrell | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20054 | David T. Harriman | Bryan D. Freres | Baku N. Patel |
| 16-CR-20056 | Barry Wilson | Elham M. Peirson | Adam D. Fein |
| 16-CR-20059* | Roy Collins | Katherine V. Boyle | Gregory T. Mitchell |
| 16-CR-20060 | James M. Hill | Eugene L. Miller | H. Kent Heller |
| 16-CR-20061 | Jonathan Joyner | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20062* | Brandon Shoffner | Bryan D. Freres | FPD – Johanes C. Maliza |
| 16-CR-20064 | Zaire Virgen | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20065 | Michael Baker | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20067* | Deon Evans | Eugene L. Miller | Steven N. Sarm |
| 16-CR-20068 | Gorman Sanders | Bryan D. Freres | Baku N. Patel |
| 16-CR-20069 | Dalton Sargent | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20073 | Eric Gonzalez-Fernandez | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20074 | Nicholas Ingram | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20075 | Larry C. Johnson | Bryan D. Freres | Kristen N. Nelson |

GOV. APP. 033

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 16-CR-20076 | David D. Sanders | Eugene L. Miller | Joseph P. Chamley |
| 16-CR-20077 | Marshon Simon | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20078* | Isaac Seidentop | Elham M. Peirson | FPD – Johanes C. Maliza |
| 16-CR-20080* | Teotim Cizmar | Elham M. Peirson | Lawrence T. Solava |
| 16-CR-20081 | Joshua Hazelbaker | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 16-CR-20082* | Cory Sanford | Bryan D. Freres | Monroe D. McWard |
| 16-CR-20083 | Celso Zuniga-Alameda | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-10043 | Thomas Henry | Darilynn Knauss | Thomas J. Penn, Jr. |
| 17-CR-20001 | Fern Flores | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20002 | Michael McSpadden | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20003* | Ernesto Vasquez | Bryan D. Freres | Diana S. Lenik |
| 17-CR-20004 | Salvador Garcia-Luna | Bryan D. Freres | Donald Parkinson |
| 17-CR-20005 | Justin Milan | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20006 | Robert Scott | Bryan D. Freres | James H. Waller |
| 17-CR-20007 | Samuel J. Yarber | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 17-CR-20008* | Constance T. Leadingham | Eugene L. Miller | FPD – Johanes C. Maliza |
| 17-CR-20009* | Thomas James | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20009* | Andrew Nunn | Bryan D. Freres | Donald Parkinson |
| 17-CR-20009* | Jaevontae Williams | Bryan D. Freres | Baku N. Patel |
| 17-CR-20010 | Tyren Scott | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20011 | Jason Vandal | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-20012 | Miguel Valencia-Sandoval | Bryan D. Freres | Anthony A. Bruno |
| 17-CR-20013 | Leslie Shaw | Elham M. Peirson | FPD – Johanes C. Maliza |
| 17-CR-20014 | Kelly J. Oliver | Eugene L. Miller | MN FPD – Andrea K. George |
| 17-CR-20015 | Ashley Miller | Eugene L. Miller | Thomas A. Bruno |

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 17-CR-20016 | Paul Schuerger | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 17-CR-2017 | Kevin Brooks | Bryan D. Freres | Beau B. Brindley |
| 17-CR-2018 | Meco Russell | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2019 | Anthony Lofu | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2020 | Dallas Lattimore | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2021 | Felipe Peralta-Salome | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-2022 | Matthew Higgins-Vogt | Jason M. Bohm | Anthony A. Bruno |
| 17-CR-2023 | Thomas G. Ihlenfeld, Sr. | Elham M. Peirson | J. Steven Beckett |
| 17-CR-2025 | Joseph Vine | Bryan D. Freres | Bart E. Beals |
| 17-CR-2026 | Cartavius Farrington | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-2029 | Ismael Ines-Luis | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2030 | Alejandro Alvarez-Campos | Bryan D. Freres | David N. Rumley |
| 17-CR-2031 | Newburn Glass, III | Bryan D. Freres | Bart E. Beals |
| 17-CR-2032 | Terrance Liggins | Bryan D. Freres | James T. Ringel |
| 17-CR-2034* | Nicolae Popa | Elham M. Peirson | J. Steven Beckett |
| 17-CR-2035 | Andres Garcia | Elham M. Peirson | FPD – Johanes C. Maliza |
| 17 -CR-2036 | Gary F. Beals, Jr. | Elham M. Peirson | J. Steven Beckett |
| 17-CR-2037* | Brendt A. Christensen | Eugene L. Miller | Robert L. Tucker |
| 17-CR-2038* | Curtis Coleman | Bryan D. Freres | Steven N. Sarm |
| 17-CR-20039* | Dennis L. Hogan | Bryan D. Freres | David N. Rumley |
| 17-CR-20040* | Quincy Campbell | Bryan D. Freres | Bart E. Beals |
| 17-CR-2041 | Michael J. Mann | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-2042 | Kami Miller | Eugene L. Miller | J. Steven Beckett |
| 17-CR-20043* | Jaime Breckenridge | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-2044 | Robert A. Decker | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20045 | Baltazar Juan-Baltazar | Bryan D. Freres | FPD – Johanes C. Maliza |

GOV. APP. 035

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 17-CR-20046* | Howard Johnson | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20047* | Gregory Griffin | Bryan D. Freres | FPD – George F. Taseff |
| 17-CR-20049* | Randy Williams | Elham M. Peirson | David N. Rumley |
| 17-CR-20050 | Chelsea R. Parrent | C. Ryan Finlen | FPD – Peter W. Henderson |
| 17-CR-20052* | Shawndale Cowell | Bryan D. Freres | James A. Martinkus |
| 17-CR-20053* | Nehemiah LaFoe | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20055 | Nicholas Wright | Bryan D. Freres | Baku N. Patel |
| 17-CR-20056* | Tarvez Q. Smith | C. Ryan Finlen | J. Steven Beckett |
| 17-CR-20057 | Tyrone Fulwiley | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-20058* | Joshua E. Lange | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20059 | Harinson Cerrato-Gomez | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-20061* | Anthony T. Johnson | Katherine V. Boyle | Michael J. Zopf |
| 17-CR-20061* | Stephen D. Jones | Katherine V. Boyle | Steven N. Sarm |
| 18-CR-20001 | Jamonhe Watkins | C. Ryan Finlen | Monroe D. McWard |
| 18-CR-20001 | Tywone Mitchell | C. Ryan Finlen | Donald Parkinson |
| 18-CR-2002* | Tremayne T. Dozier | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-2003 | Christopher R. Wade | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-20005* | Cassandra L. Martinez | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-20006 | Jose Ramirez-Santos | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-20008* | Kenneth W. Slater | Elham M. Peirson | FPD – Johanes C. Maliza |
| 18-CR-20009 | Rusty L. Schuldt | Eugene L. Miller | SDTX FPD – Lila M. Garza |
| 18-CR-20011* | Micheal R. Fleming | C. Ryan Finlen | FPD – Elisabeth R. Pollock |
| 18-CR-20019* | Christopher DiFilippo | Gregory M. Gilmore | FPD – Johanes C. Maliza |
| 18-CR-20022* | Marcellus Ward | Katherine V. Boyle | FPD – Johanes C. Maliza |
| 18-CR-20023* | Patrick Guentangue | C. Ryan Finlen | FPD – Elisabeth R. Pollock |

10



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*Urbana Division Office*

---

*John C. Milhiser*                                          *Urbana Federal Building and U.S. Courthouse*
*United States Attorney*



[Date], 2019

**VIA CERTIFIED MAIL**                    **VIA CERTIFIED MAIL**
[Name of Last Defense Counsel of Record]    [Name of Defendant]
[Address]                                   [Reg. No. if still in prison]
                                            [Address]

      Re:   *United States v. [Name of Defendant]*,
           Case No. [##-cr-#####] (C.D. Ill.)

Dear [Mr./Ms.] [Defense Counsel] and [Mr./Ms.] [Defendant]:

     Please be advised that the U.S. Attorney's Office for the Central District of Illinois has learned of an ex parte communication between the Hon. Colin S. Bruce, U.S. District Judge, and a staff member in our office that occurred in December 2016 and related to the case of *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.). *See* Bates Nos. 2539-2548 (enclosed).

     Following our office's discovery of that communication, we searched our records for all documented communications, including non-ex-parte communications, which occurred between Judge Bruce and at least one member of our office. Our search resulted in the identification of approximately 1,230 such communications.

     Of those approximately 1,230 communications, we identified approximately 100 communications that constituted potentially unauthorized ex parte communications. The government has since turned over copies of those approximately 100 communications in the case(s) to which each communication related, with the exception of three email strings (11 emails total) where the government was not able to determine the related case(s).

     In general, but not exclusively, the potentially unauthorized ex parte communications that involved Judge Bruce and U.S. Attorney's Office personnel related to the scheduling of hearings; the provision of documents, such as plea agreements and jury instructions, to the judge in advance of a hearing or trial; and the judge inquiring

GOV. APP. 037

about (and/or U.S. Attorney's Office personnel informing the judge of) whether the government anticipated a particular case(s) was proceeding to trial.

Some of the communications, including non-ex-parte communications, also revealed that Judge Bruce, a former Assistant United States Attorney, maintained a degree of friendship with some of his former colleagues after he became a federal judge in October 2013 . For instance, some of the communications revealed that the judge and some members of the U.S. Attorney's Office at times engaged in friendly banter, discussed inside jokes, common experiences, and political topics; and used first names, nicknames, and unprofessional titles.

Since the government's disclosure of the potentially unauthorized ex parte communications, three defendants have filed post-judgment motions in which each defendant has alleged that communications between Judge Bruce and our office demonstrate that the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Gmoser*, Case No. 14-cr-20048-004 (C.D. Ill.) (motion for new trial and supplemental motion under Rule 33 filed on October 3 and December 28, 2018); *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.) (motion for new trial under Rule 33 filed on October 25, 2018); and *Shannon v. United States*, Case No. 18-cv-2233 (C.D. Ill.) (motion under 28 U.S.C. § 2255 filed on September 17, 2018). Additionally, one defendant has raised on direct appeal the issue of whether Judge Bruce erred by failing to disqualify himself under 28 U.S.C. § 455(a) and/or whether the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Atwood*, No. 18-2113 (7th Cir.) (opening brief filed January 17, 2019).

The  Hon. James E. Shadid, Chief United States District Judge, is presiding over each of the district court cases, and the motions are still pending. The *Atwood* appeal is also still pending.

Our records reveal that Judge Bruce presided over your (or your client's) criminal case and/or supervised release proceeding. You (or your client) may therefore be entitled to pursue post-judgment relief. It is our position that Judge Bruce did not have a disqualifying bias in your case, or in any other defendant's case. Nonetheless, we are advising you that at least four defendants are contending otherwise based on the communications between the judge and members of our office.

If you are a defendant, please do not contact this office. Instead, if you are presently represented by an attorney, contact your attorney. If you are not represented by an attorney, you may contact the Office of the Federal Public Defender at 401 Main Street, Suite 1500, Peoria, Illinois 61602, with any questions that you might have. Again, please do not contact this office if you are a defendant.

Respectfully yours,

JOHN C. MILHISER
UNITED STATES ATTORNEY


By:   _____
[NAME]
Assistant United States Attorney


Encl.

Order of the Chief Judge dated February ___, 2019
Bates Nos. 2539-2548

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT URBANA

IN THE MATTER OF COMMUNICA-   )
TIONS BETWEEN THE HON. COLIN   )     No. 19-mc-_____
S. BRUCE AND THE UNITED STATES )
ATTORNEY'S OFFICE                          )

O R D E R

This matter is before the Court on the government's motion for an order

authorizing limited contact with defendants who are represented by counsel. The

Court, being fully advised in this matter, GRANTS the motion.

In its motion, the government represents that it will be providing notice of

communications between Judge Bruce and U.S. Attorney's Office personnel to

each criminal defendant for whom Judge Bruce presided over (A) a guilty plea

(including the adoption of a magistrate judge's report and recommendation

concerning a guilty plea) or a trial that resulted in a conviction, (B) a sentencing

hearing; and/or (C) the revocation or modification of a supervised release term

or condition(s) of supervised release. *See* Attachment 2 to the government's

motion.

The government intends to provide notice by sending a letter to each

defendant's last known counsel of record and to each defendant at his or her last

known address, with the exception that the government does not intend to send

the letter to Defendants Gmoser, Nixon, Shannon, and Atwood, each of whom

have filed post-judgment filings in either the district court or in the court of appeals raising the issue of Judge Bruce's alleged bias. *See United States v. Gmoser*, Case No. 14-cr-20048-004 (C.D. Ill.); *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.); *Shannon v. United States*, Case No. 18-cv-2233 (C.D. Ill.); *United States v. Atwood*, No. 18-2113 (7th Cir.). *See* Attachment 3 to the government's motion.

The Court has reviewed the proposed letter and the enclosures that will accompany each letter and finds that the contact the government proposes is appropriate. The enclosures are Attachment 1 to the government's motion (Bates Nos. 2539-2548) and a copy of this order.

IT IS THEREFORE ORDERED that the government is authorized to contact each defendant on the list by means of the proposed letter, with enclosures, even if the defendant is presently represented by counsel. *See* Ill. Rule of Professional Conduct 4.2; ABA Model Rule 4.2.

IT IS FURTHER ORDERED that, should the government learn of any additional defendant not named in the list who should receive notice, the government is authorized to make the same contact with such defendant even if that defendant is represented by counsel.

ENTERED this _____ Day of February, 2019.

                                                    _____

                                                    JAMES E. SHADID
                                                    Chief United States District Judge

GOV. APP. 041

**Thomas Patton**

| | |
|---|---|
| **From:** | Walters, Greggory (USAILC) ███████████████████ |
| **Sent:** | Wednesday, February 13, 2019 10:07 AM |
| **To:** | 'Cathy ██████████████████ |
| **Cc:** | Milhiser, John (USAILC); Thomas Patton |
| **Subject:** | Motion for Leave |
| **Attachments:** | 001 Motion for Leave with Attachments.pdf; 002 Proposed Order.pdf; 002 Proposed Order.docx |

Dear Cathy,

As a follow up to my email from last Friday, attached are the revised motion for leave (with attachments) and a proposed order for the Chief Judge's consideration. I will have my legal assistant, Elizabeth, contact Jeremy re: obtaining file-stamped copies of these materials. Thank you for your assistance.

Respectfully yours,

Gregg

cc:     File (w/ encl.)

Greggory R. Walters
Assistant United States Attorney



Emails to and from this account are subject to archival and disclosure.

GOV. APP. 042

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT URBANA

IN THE MATTER OF COMMUNICA-   )
TIONS BETWEEN THE HON. COLIN   )      No. 19-mc-_____
S. BRUCE AND THE UNITED STATES )
ATTORNEY'S OFFICE                        )

GOVERNMENT'S MOTION FOR ORDER AUTHORIZING
LIMITED CONTACT WITH DEFENDANTS WHO ARE
REPRESENTED BY COUNSEL

The United States of America, for its motion for an order authorizing the

United States to have limited contact with defendants who are represented by

counsel, states:

1.      As this Court is aware, the U.S. Attorney's Office for the Central

District of Illinois has learned of an ex parte communication between the Hon.

Colin S. Bruce, U.S. District Judge, and a staff member in our office that occurred

in December 2016 and related to the case of *United States v. Nixon*, Case No. 15-cr-

20057 (C.D. Ill.). *See* Attachment 1.

2.      Following our office's discovery of that communication, we

searched our records for all documented communications, including non-ex-

parte communications, which occurred between Judge Bruce and at least one

member of our office. Our search resulted in the identification of approximately

1,230 such communications.

3.      Of those approximately 1,230 communications, we identified approximately 100 communications that constituted potentially unauthorized ex parte communications. The government has since turned over copies of the approximately 100 communications in the case(s) to which each communication related, with the exception of three email strings (11 emails total) where the government was not able to determine the related case(s).

4.      In general, but not exclusively, the potentially unauthorized ex parte communications that involved Judge Bruce and U.S. Attorney's Office personnel related to the scheduling of hearings; the provision of documents, such as plea agreements and jury instructions, to the judge in advance of a hearing or trial; and the judge inquiring about (and/or U.S. Attorney's Office personnel informing the judge of) whether the government anticipated a particular case(s) was proceeding to trial.

5.      Some of the communications, including non-ex-parte communications , also revealed that Judge Bruce, a former Assistant United States Attorney, maintained a degree of friendship with some of his former colleagues after he became a federal judge in October 2013. For instance, some of the communications revealed that the judge and some members of the U.S.

2

GOV. APP. 044

Attorney's Office at times engaged in friendly banter; discussed inside jokes,

common experiences, and political topics; and used first names, nicknames, and

unprofessional titles.

6.     Since the government's disclosure of the potentially unauthorized ex

parte communications, three defendants have filed post-judgment motions in

which each defendant has alleged that communications between Judge Bruce

and our office demonstrate that the judge had a disqualifying bias in violation of

the Due Process Clause. *See United States v. Gmoser*, Case No. 14-cr-20048-004

(C.D. Ill.) (motion for new trial and supplemental motion under Rule 33 filed on

October 3 and December 28, 2018); *United States v. Nixon*, Case No. 15-cr-20057

(C.D. Ill.) (motion for new trial under Rule 33 filed on October 25, 2018); and

*Shannon v. United States*, Case No. 18-cv-2233 (C.D. Ill.) (motion under 28 U.S.C.

§ 2255 filed on September 17, 2018).

7.     Additionally, one defendant has raised on direct appeal the issue of

whether Judge Bruce erred by failing to disqualify himself under 28 U.S.C.

§ 455(a) and/or whether the judge had a disqualifying bias in violation of the

Due Process Clause. *See United States v. Atwood*, No. 18-2113 (7th Cir.) (opening

brief filed January 17, 2019).

GOV. APP. 045

8.     Although it is the government's position that Judge Bruce did not have a disqualifying bias against any defendant, we recognize that at least four defendants presently contend otherwise.

9.     To comply with any applicable professional rules and/or constitutional obligations, the government will be providing notice of the communications between Judge Bruce and our office to each criminal defendant who had a case before Judge Bruce where the judge presided over at least one of the following proceedings:

A.     A change-of-plea hearing or the adoption of a magistrate judge's report and recommendation concerning the defendant's change of plea;

B.     A trial that resulted in a guilty verdict;

C.     A sentencing hearing; or

D.     A revocation of supervised release or the adverse modification of a supervised release term or condition,

with the exception that the government will not be sending notice to Defendants Gmoser, Nixon, Shannon, and Atwood, each of whom has already raised the issue post-judgment by either a motion for new trial, motion under 28 U.S.C. § 2255, or merits brief on direct appeal. *See* Attachment 2.

10.    The government intends to send notice via the proposed letter accompanying this motion. *See* Attachment 3.

4

11.     To ensure that each defendant listed in the chart receives notice that he or she may be entitled to seek post-judgment relief, we intend to send the letter to each defendant's last known counsel of record (if applicable) *and* to each defendant at his or her last known address.

12.     Some of the defendants are, or may be, represented by counsel. Rule 4.2 of the Illinois Rules of Professional Conduct provides that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless * * * authorized to do so by * * * a court order." *See also* ABA Model Rule 4.2 (same).

13.     We are therefore requesting leave of this Court to make contact with each defendant by means of the proposed letter, even if the defendant is presently represented by counsel.

14.     Accompanying this motion is a proposed order. Should this Court grant the government's motion, a copy of the order and the December 2016 email string (Bates Nos. 2539-2548) will be enclosed with each letter.

5

For the reasons presented, the United States requests that this Court grant

this motion and authorize the government to make limited contact with

defendants who are or may be represented by counsel via the enclosed proposed

letter and enclosures to that letter.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

By:   /s/Greggory R. Walters
      Assistant United States Attorney

6

| | |
|---|---|
| **From:** | Hopps, Lisa (USAILC) |
| **To:** | "Colin ███████████ |
| **Subject:** | Jim"s Farewell |
| **Date:** | Friday, December 16, 2016 4:26:29 PM |

And just WHERE WERE YOU today?????

# Lisa Hopps

Paralegal Specialist

United States Attorneys Office

| | |
|---|---|
| **From:** | Colin ████████████ |
| **To:** | Hopps, Lisa (USAILC) |
| **Subject:** | RE: Jim"s Farewell |
| **Date:** | Saturday, December 17, 2016 2:11:18 PM |

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an
entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged' "supposedly" "your
story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) < ████████████████ [mailto:Hopps, Lisa (USAILC)
< ████████████ ]
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin ████████████████████████
**Subject:** Jim's Farewell

And just WHERE WERE YOU today?????

# Lisa Hopps

Paralegal Specialist
United States Attorneys Office

████████████████
████████████████
████████████████
████████████████

**From:**     Hopps, Lisa (USAILC)
**To:**       Colin ████████████
**Subject:**  RE: Jim"s Farewell
**Date:**     Saturday, December 17, 2016 3:59:52 PM

Are you kidding me?!?!  Wow.  Never ☹.  Staci is the paralegal
in training over there so I'm o-u-t.

**From:** Colin_████████████████████
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC) ████████████
**Subject:** RE: Jim's Farewell

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an
entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged' "supposedly" "your
story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) ██████████████████ [mailto:Hopps, Lisa (USAILC)
████████████ ]
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin_███████████████████████
**Subject:** Jim's Farewell

And just WHERE WERE YOU today?????

# Lisa Hopps
Paralegal Specialist
United States Attorneys Office

| | |
|---|---|
| **From:** | Colin ███████████████ |
| **To:** | Hopps, Lisa (USAILC) |
| **Subject:** | RE: Jim"s Farewell |
| **Date:** | Saturday, December 17, 2016 5:10:14 PM |

Damn it! I could use a little Lisa Hopps in the courtroom just to see you.
Staci is doing a good job, so you trained her well.

So far in this trial, in the over one hour cross-examination, the DOJ attorney has done a WONDERFUL job of repeating the bullshit the defendant said as if the defendant's story was all fact.

How about the BASIC cross-examination skill of saying "and then the ALLEGED event took place" or "and then, SUPPOSDEDLY, this happened" or "so ACCORDING TO YOUR STORY…."

This trial went from a slam-dunk for the prosecution to about a 60-40 for the defendant, and there is more cross-examination to go……

**From:** Hopps, Lisa (USAILC) < ███████████████ [mailto:Hopps, Lisa (USAILC)
███████████████ **Sent:** Saturday, December 17, 2016 4:00 PM
**To:** "Colin ███████████████
**Subject:** RE: Jim's Farewell

Are you kidding me?!?! Wow.  Never ☹.  Staci is the paralegal
in training over there so I'm o-u-t.

**From:** Colin ███████████████
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC) ███████████████ >
**Subject:** RE: Jim's Farewell

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged" "supposedly" "your story")

Are you ever going to come over here and do another trial?

GOV. APP. 052

**From:** Hopps, Lisa (USAILC) ██████████████ [mailto:Hopps, Lisa (USAILC)
███████████████ ]
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** '"Colin_███████████████████
**Subject:** Jim's Farewell

And just WHERE WERE YOU today?????

# Lisa Hopps
Paralegal Specialist
United States Attorneys Office

**From:**       Hopps, Lisa (USAILC)
**To:**         Colin
**Subject:**    RE: Jim's Farewell
**Date:**       Saturday, December 17, 2016 7:54:59 PM

DITTO my friend!! She is, I'm happy for her.  OMG.  How do you
sit through that?  I can just see you looking like you're bored
to death, but on the inside you're cracking yourself up with
jokes!  I would NOT be able to make eye contact with you.
hahahahaha

**From:** Colin_
**Sent:** Saturday, December 17, 2016 5:10 PM
**To:** Hopps, Lisa (USAILC)
**Subject:** RE: Jim's Farewell

Damn it! I could use a little Lisa Hopps in the courtroom just to see you.
Staci is doing a good job, so you trained her well.

So far in this trial, in the over one hour cross-examination, the DOJ attorney has done
a WONDERFUL job of repeating the bullshit the defendant said as if the defendant's
story was all fact.

How about the BASIC cross-examination skill of saying "and then the ALLEGED
event took place" or "and then, SUPPOSDEDLY, this happened" or "so
ACCORDING TO YOUR STORY…."

This trial went from a slam-dunk for the prosecution to about a 60-40 for the
defendant, and there is more cross-examination to go……

**From:** Hopps, Lisa (USAILC)                              [mailto:Hopps, Lisa (USAILC)
<                                  ]
**Sent:** Saturday, December 17, 2016 4:00 PM
**To:** "Colin
**Subject:** RE: Jim's Farewell

Are you kidding me?!?! Wow.  Never ☹.  Staci is the paralegal
in training over there so I'm o-u-t.

**From:** Colin_
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC)
**Subject:** RE: Jim's Farewell

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged" "supposedly" "your story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) ▮▮▮▮▮▮▮▮▮ [mailto:Hopps, Lisa (USAILC) <▮▮▮▮▮▮▮▮▮▮ ]
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin_▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** Jim's Farewell

And just WHERE WERE YOU today?????

# Lisa Hopps

Paralegal Specialist
United States Attorneys Office

| | |
|---|---|
| **From:** | Colin ███████████████████ |
| **To:** | Hopps, Lisa (USAILC) |
| **Subject:** | RE: Jim"s Farewell |
| **Date:** | Sunday, December 18, 2016 12:45:15 PM |

I work hard not to try any of the cases.
I actually have a sign on the bench from Judge Baker that says "DO NOT TRY THE CASE".

When I'm not making internal jokes or when I'm not completely bored, lots of times I am cringing.

I really cringed when the inexperienced DOJ attorney starting crossing the defendant in this case..
During this cross-examination, I keep wanting to say, "Seriously? That is your plan? Repeat the testimony of the defendant as though it was fact and then say, 'Right?'"

And if you were in the courtroom, yes, I would be giving you looks that would make you crack-up.




**From:** Hopps, Lisa (USAILC) ███████████████████ [mailto:Hopps, Lisa (USAILC)
<███████████████████
**Sent:** Saturday, December 17, 2016 7:55 PM
**To:** "Colin ███████████████████████████
**Subject:** RE: Jim's Farewell


DITTO my friend!! She is, I'm happy for her.  OMG.  How do you
sit through that?  I can just see you looking like you're bored
to death, but on the inside you're cracking yourself up with
jokes!  I would NOT be able to make eye contact with you.
hahahahaha

**From:** Colin ███████████████████████████████
**Sent:** Saturday, December 17, 2016 5:10 PM
**To:** Hopps, Lisa (USAILC) ███████████████████ >
**Subject:** RE: Jim's Farewell

Damn it! I could use a little Lisa Hopps in the courtroom just to see you.
Staci is doing a good job, so you trained her well.

So far in this trial, in the over one hour cross-examination, the DOJ attorney has done a WONDERFUL job of repeating the bullshit the defendant said as if the defendant's story was all fact.

How about the BASIC cross-examination skill of saying "and then the ALLEGED event took place" or "and then, SUPPOSEDLY, this happened" or "so ACCORDING TO YOUR STORY…."

This trial went from a slam-dunk for the prosecution to about a 60-40 for the defendant, and there is more cross-examination to go……

**From:** Hopps, Lisa (USAILC) ████████████████ [mailto:Hopps, Lisa (USAILC)
████████████ ]
**Sent:** Saturday, December 17, 2016 4:00 PM
**To:** "Colin ████████████████████████████████
**Subject:** RE: Jim's Farewell

```
Are you kidding me?!?! Wow.  Never ☹.  Staci is the paralegal
in training over there so I'm o-u-t.
```

**From:** Colin ████████████████████████████████
**Sent:** Saturday, December 17, 2016 2:11 PM
**To:** Hopps, Lisa (USAILC) <████████████████
**Subject:** RE: Jim's Farewell

Trial. Elly.

Where evidently the Elly and Co. decided they did not want to win by letting an entirely inexperienced DOJ attorney cross examine THE DEFENDANT.
(Here are some words she evidently does not know: "alleged" "supposedly" "your story")

Are you ever going to come over here and do another trial?

**From:** Hopps, Lisa (USAILC) ████████████████ [mailto:Hopps, Lisa (USAILC)
████████████ ]
**Sent:** Friday, December 16, 2016 4:26 PM
**To:** "'Colin ████████████████████████████████
**Subject:** Jim's Farewell

**And just WHERE WERE YOU today?????**

# Lisa Hopps

Paralegal Specialist
United States Attorneys Office



| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 14-CR-2007 | JB Brown, Jr. | Eugene L. Miller | Timothy W. Burns |
| 14-CR-2008 | Troy J. Kelly | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2009 | Charles D. Nance | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20010 | Quentin L. Wilder | Jason M. Bohm | Daniel J. Elrod |
| 14-CR-20015 | Aaron M. Webb | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-20022 | Tommie L. Buie | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20026 | Edward Dorsey, Sr. | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2027 | David E. Auteberry | Elham M. Peirson | Kristen N. Nelson |
| 14-CR-2029 | Sentray D. Coney | Eugene L. Miller | Ronald S. Langacker |
| 14-CR-2030 | Khayree M. Bond | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20031 | Winston D. Strayhorn | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20032 | Maurice Collins | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-2033 | Greg Bullias | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-2034 | Stacey L. Judd | Eugene L. Miller | John E. Martin |
| 14-CR-2035 | Eulalio L. Martinez | Eugene L. Miller | Ronald S. Langacker |
| 14-CR-2035 | David L. Garcia, Jr. | Eugene L. Miller | Carlton M. Kagawa |
| 14-CR-2035 | Oscar Martinez | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-2036 | Kaleb A. Smith | Rachel E. Ritzer | FPD – Michael A. Chandra |
| 14-CR-2037 | Dennis P. Droughns | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-2038 | Keith D. Helmick | Jason M. Bohm | Baku N. Patel |
| 14-CR-2039 | Marino Jose Diaz | Jason M. Bohm | Thomas A. Bruno |
| 14-CR-2042 | Shannon Logan | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-cr-20043 | Monica Adriana Zacatlan Ramirez | Elham M. Peirson | Brendan P. Harris |

GOV. APP. 059

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 14-cr-20043 | Eduardo Guerrero Cortez | Elham M. Peirson | FPD – Peter W. Henderson |
| 14-cr-20043 | Jarbey Emerson Reyes Villalobos | Elham M. Peirson | Bruce G. Ratcliffe |
| 14-CR-20044 | Kameron L. Farrington | Eugene L. Miller | Baku N. Patel |
| 14-CR-20045 | William S. Despenza | Ronda H. Coleman | Tod M. Urban |
| 14-CR-20046 | Richard L. Spencer | Jason M. Bohm | FPD – Peter W. Henderson |
| 14-CR-20047 | Christie L. Bowman | Jason M. Bohm | FPD – Elisabeth R. Pollock |
| 14-CR-20047 | Christa L. Winkler | Jason M. Bohm | Ronald S. Langacker |
| 14-CR-20048 | Brian W. Davis[1] | Elham M. Peirson | Jon G. Noll |
| 14-CR-20048 | Andrew D. Hoff | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-20048 | David Delalio | Elham M. Peirson | Scott J. Frankel |
| 14-CR-20048 | Dakota K. Martin | Elham M. Peirson | Mark K. Wykoff, Sr. |
| 14-CR-20049 | Heraclio Cornejo-Garcia | Jason M. Bohm | FPD – Elisabeth R. Pollock |
| 14-CR-20050 | Austin A. Burns | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-20051 | Antwon T. Crite | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-20052 | Brian K. Dalton | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20054 | Carlton L. Smith | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20055 | Roosevelt D. Smith | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-20056 | Jermaine R. Speed | Eugene L. Miller | FPD – Thomas W. Patton |
| 14-CR-20057 | Rico J. Speed | Eugene L. Miller | FPD – Thomas W. Patton |
| 14-CR-20058 | Charles V. Williams | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-20060 | Dasse R. Yobo | Jason M. Bohm | FPD – Peter W. Henderson |

[1] Brian W. Davis had another criminal case before Judge Colin S. Bruce (Central District of Illinois Case No. 15-CR-20036), which is included below.

GOV. APP. 060

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 14-CR-20063 | George L. Salinas[2] | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 14-CR-20064 | Randal D. Young | Eugene L. Miller | FPD – Peter W. Henderson |
| 14-CR-20065 | Valeriano J. Zarate | Eugene L. Miller | Baku N. Patel |
| 14-CR-20066 | Roger A. Forgy | Ronda H. Coleman | FPD – Peter W. Henderson |
| 14-CR-20067 | Shontez L. Frazier | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20069 | Talon G. Wright | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 14-CR-20070 | George A. Harper | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20073 | Harold Lacy | Bryan D. Freres | Joseph P. Chamley |
| 14-CR-20074 | George L. Salinas | Ronda H. Coleman | FPD – Elisabeth R. Pollock |
| 14-CR-20075 | Wallace N. Pugh | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-2005 | Jose Lopez-Maldonado | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-2006 | Jesus Trujillo-Montes | Ronda H. Coleman | FPD – Peter W. Henderson |
| 15-CR-2008 | Edward C. Brown | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 15-CR-2009 | Gene T. Hardwick | Jason M. Bohm | James A. Martinkus |
| 15-CR-2010 | Morris L. Corbitt | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-2013 | Duane B. Carey | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-2015 | Calvin Eason | Elham M. Peirson | Ronald S. Langacker |
| 15-CR-2016 | Jeffery Markel | Katherine V. Boyle | FPD – Elisabeth R. Pollock |
| 15-CR-2017 | Chonice L. Burtley | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-2019 | Richard N. Frederick | Ronda H. Coleman | FPD – Peter W. Henderson |
| 15-CR-2020 | Ashton T. Gray | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-2021 | Markese D. Smith | Eugene L. Miller | Alexander E. Budzenski |
| 15-CR-2023 | Robert East | Ronda H. Coleman | Thomas A. Gibbons |

[2] George L. Salinas also had a Central District of Illinois case involving a supervised release violation (14-CR-20074), which is included below.

3

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 15-CR-20024 | Jacob D. Sallie | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 15-CR-20026 | Epismenio Nieto-Hernandez | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20031 | Jeremy D. Hoffman | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20032 | Charissie Davis | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20033 | Sheron M. Bibb | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20035 | Jimmy Cooper, Jr. | Katherine V. Boyle | FPD – Peter W. Henderson |
| 15-CR-20036 | Brian W. Davis | Elham M. Peirson | Jon G. Noll |
| 15-CR-20037 | Christopher M. Fiore | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20039 | Carlos Gomez-Thomas | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20040 | Dakota K. Martin | Elham M. Peirson | Mark K. Wykoff, Sr. |
| 15-CR-20043 | Jerry S. Minnieweather | Eugene L. Miller | Baku N. Patel |
| 15-CR-20044 | Izell L. Pittman | Katherine V. Boyle | Ronald S. Langacker |
| 15-CR-20045 | Kelton Snyder | Jason M. Bohm | Martin L. Roth |
| 15-CR-20046 | Brian Daum | Katherine V. Boyle | NDCA FPD – Loren Dougherty Stewart |
| 15-CR-20047 | Susan Piros | Eugene L. Miller | Joshua S. Lowther |
| 15-CR-20048 | Dashun W. Avery | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 15-CR-20049 | Arnett D. Brown | Eugene L. Miller | FPD – Peter W. Henderson |
| 15-CR-20050 | Sukhwinder Multani | Jason M. Bohm | Anthony A. Bruno |
| 15-CR-20051 | Jeffrey Parkhurst | Elham M. Peirson | Elvira R. Kras |
| 15-CR-20052 | Niles C. Wray | Katherine V. Boyle | FPD – Peter W. Henderson |
| 15-CR-20054 | Terrence J. O'Connor | Bryan D. Freres | FPD – Peter W. Henderson |
| 15-CR-20056 | Tekeyra Moore | Katherine V. Boyle | FPD – Peter W. Henderson |
| 15-CR-20058 | Henry L. Johnson | Eugene L. Miller | FPD – Elisabeth R. Pollock |

4

GOV. APP. 062

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 15-CR-20059 | Ruben A. Paz-Giron | Eugene L. Miller | FPD – Elisabeth R. Pollock and Colleen M. Ramais |
| 15-CR-20061 | Charles Detzel | Katherine V. Boyle | FPD – George F. Taseff |
| 15-CR-20062 | Darien Spates | Katherine V. Boyle | FPD – Elisabeth R. Pollock |
| 15-CR-20062 | Marilyn Phillips | Katherine V. Boyle | Harvey C. Welch |
| 15-CR-20062 | Khadija Phillips | Katherine V. Boyle | Baku N. Patel |
| 15-CR-20064 | Terral Thomas | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20001 | Jerry L. Conner | Katherine V. Boyle | Theodore T. Poulos |
| 16-CR-20002 | Kevin Pettis | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20004 | Jose J. Lopez | Eugene L. Miller | Lisa M. Lopez |
| 16-CR-20005 | Jose Tinoco-Hernandez | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20006 | Karl Marksteiner | Eugene L. Miller | William Galati |
| 16-CR-20007 | Evan Grider | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20008 | Robert Haley | Katherine V. Boyle | J. Steven Beckett |
| 16-CR-20010 | Jesse Harper | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20011 | Nicholas Applegate | Bryan D. Freres | Baku N. Patel |
| 16-CR-20012 | Emerson Brooks | Bryan D. Freres | Harvey C. Welch |
| 16-CR-20013 | Fernando Toledo-Hernandez | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20014 | Delahn Amos | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20015 | Deondre Coleman | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20016 | Brian R. Walter | Katherine V. Boyle | FPD – Thomas W. Patton |
| 16-CR-20017 | Ladonta A. Tucker | Eugene L. Miller | Diana S. Lenik |
| 16-CR-20018 | Christopher M. Cooper-Britton | Eugene L. Miller | Donald Parkinson |
| 16-CR-20019 | Oliverio Guzman-Cruz | Remy Taborga | FPD – Elisabeth R. Pollock |

GOV. APP. 063

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 16-CR-20020 | Deandre Thomas | Remy Taborga | FPD – Elisabeth R. Pollock |
| 16-CR-20022 | Daniel Ruiz-Sermeno | Bryan D. Freres | Baku N. Patel |
| 16-CR-20023 | Bradley Reddy | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20029 | Clifford Colbert | Bryan D. Freres | Anthony A. Bruno |
| 16-CR-20030 | Justin Daily | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20031 | Darryl S. Coleman | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20032 | William D. Roper, III | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 16-CR-20033 | Clinton Schaffer | Eugene L. Miller | Anthony A. Bruno |
| 16-CR-20034 | Vondale Banks | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20035 | Andre Davis | Katherine V. Boyle | FPD – Elisabeth R. Pollock |
| 16-CR-20036 | Darius Dawson | Bryan D. Freres | Ronald S. Langacker |
| 16-CR-20036 | Kenneth Blatcher | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20036 | Ronald Posey | Bryan D. Freres | J. Steven Beckett |
| 16-CR-20037 | Nicholas Demmer | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20038 | Avers Douglas | Bryan D. Freres | Hannah V. Garst |
| 16-CR-20040*[3] | Jeremy Hoover | Bryan D. Freres | Lawrence S. Beaumont |
| 16-CR-20040* | Jay Chandler | Bryan D. Freres | Ronald S. Langacker |
| 16-CR-20041 | Martavis Jones | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20042 | Dezswan Love | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20042 | Pierre Saxon | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20043 | Jessie Dorsett | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20043 | Jovan Saulsberry | Bryan D. Freres | Purav P. Bhatt |
| 16-CR-20045 | Jesse Guardiola | Bryan D. Freres | Courtney K. Lang |

---

[3] An asterisk (*) identifies a case transferred to another district judge after Judge Bruce's August 2018 removal from criminal cases.

6

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 16-CR-20045 | Heather Grad | Bryan D. Freres | J. Steven Beckett |
| 16-CR-20046 | Joseph Horton | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20047 | Gary H. Luna | Eugene L. Miller | Brian E. King |
| 16-CR-20047 | Michael L. Daniels | Eugene L. Miller | David N. Rumley |
| 16-CR-20048 | Santos Salgado | Bryan D. Freres | Diana S. Lenik |
| 16-CR-20049 | Bryce Stiff | Bryan D. Freres | Anthony A. Bruno |
| 16-CR-20050 | John F. Gherna | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 16-CR-20051 | James Parker | Bryan D. Freres | Baku N. Patel |
| 16-CR-20051 | William Gramigna, III | Bryan D. Freres | Ronald S. Langacker |
| 16-CR-20051 | Jacob Larry | Bryan D. Freres | Bruce G. Ratcliffe |
| 16-CR-20052* | Earl R. Orr | Bryan D. Freres | Baku N. Patel |
| 16-CR-20053 | Maurice Terrell | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20054 | David T. Harriman | Bryan D. Freres | Baku N. Patel |
| 16-CR-20056 | Barry Wilson | Elham M. Peirson | Adam D. Fein |
| 16-CR-20059* | Roy Collins | Katherine V. Boyle | Gregory T. Mitchell |
| 16-CR-20060 | James M. Hill | Eugene L. Miller | H. Kent Heller |
| 16-CR-20061 | Jonathan Joyner | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20062* | Brandon Shoffner | Bryan D. Freres | FPD – Johanes C. Maliza |
| 16-CR-20064 | Zaire Virgen | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20065 | Michael Baker | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20067* | Deon Evans | Eugene L. Miller | Steven N. Sarm |
| 16-CR-20068 | Gorman Sanders | Bryan D. Freres | Baku N. Patel |
| 16-CR-20069 | Dalton Sargent | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20073 | Eric Gonzalez-Fernandez | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20074 | Nicholas Ingram | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-20075 | Larry C. Johnson | Bryan D. Freres | Kristen N. Nelson |

7

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 16-CR-2076 | David D. Sanders | Eugene L. Miller | Joseph P. Chamley |
| 16-CR-2077 | Marshon Simon | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 16-CR-2080* | Teofim Cizmar | Elham M. Peirson | Lawrence T. Solava |
| 16-CR-2081 | Joshua Hazelbaker | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 16-CR-2083 | Celso Zuniga-Alameda | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-10043 | Thomas Henry | Darilynn Knauss | Thomas J. Penn, Jr. |
| 17-CR-2001 | Fern Flores | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2002 | Michael McSpadden | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-2003* | Ernesto Vasquez | Bryan D. Freres | Diana S. Lenik |
| 17-CR-2004 | Salvador Garcia-Luna | Bryan D. Freres | Donald Parkinson |
| 17-CR-2005 | Justin Milan | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2006 | Robert Scott | Bryan D. Freres | James H. Waller |
| 17-CR-2007 | Samuel J. Yarber | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 17-CR-2008* | Constance T. Leadingham | Eugene L. Miller | FPD – Johanes C. Maliza |
| 17-CR-2009* | Thomas James | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2009* | Andrew Nunn | Bryan D. Freres | Donald Parkinson |
| 17-CR-2009* | Jaevontae Williams | Bryan D. Freres | Baku N. Patel |
| 17-CR-2010 | Tyren Scott | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-2011 | Jason Vandal | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-2012 | Miguel Valencia-Sandoval | Bryan D. Freres | Anthony A. Bruno |
| 17-CR-2013 | Leslie Shaw | Elham M. Peirson | FPD – Johanes C. Maliza |
| 17-CR-2014 | Kelly J. Oliver | Eugene L. Miller | MN FPD – Andrea K. George |
| 17-CR-2015 | Ashley Miller | Eugene L. Miller | Thomas A. Bruno |
| 17-CR-2016 | Paul Schuerger | Eugene L. Miller | FPD – Elisabeth R. Pollock |
| 17-CR-2017 | Kevin Brooks | Bryan D. Freres | Beau B. Brindley |

8

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 17-CR-20018 | Meco Russell | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20019 | Anthony Lofu | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20020 | Dallas Lattimore | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20021 | Felipe Peralta-Salome | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-20022 | Matthew Higgins-Vogt | Jason M. Bohm | Anthony A. Bruno |
| 17-CR-20023 | Thomas G. Ihlenfeld, Sr. | Elham M. Peirson | J. Steven Beckett |
| 17-CR-20030 | Alejandro Alvarez-Campos | Bryan D. Freres | David N. Rumley |
| 17-CR-20031 | Newburn Glass, III | Bryan D. Freres | Bart E. Beals |
| 17-CR-20032 | Terrance Liggins | Bryan D. Freres | James T. Ringel |
| 17-CR-20034* | Nicolae Popa | Elham M. Peirson | J. Steven Beckett |
| 17-CR-20035 | Andres Garcia | Elham M. Peirson | FPD – Johanes C. Maliza |
| 17-CR-20036 | Gary F. Beals, Jr. | Elham M. Peirson | J. Steven Beckett |
| 17-CR-20040* | Quincy Campbell | Bryan D. Freres | Bart E. Beals |
| 17-CR-20041 | Michael J. Mann | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20042 | Kami Miller | Eugene L. Miller | J. Steven Beckett |
| 17-CR-20043* | Jaime Breckenridge | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20044 | Robert A. Decker | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20045 | Baltazar Juan-Baltazar | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-20046* | Howard Johnson | Bryan D. Freres | FPD – Elisabeth R. Pollock |
| 17-CR-20047* | Gregory Griffin | Bryan D. Freres | FPD – George F. Taseff |
| 17-CR-20049* | Randy Williams | Elham M. Peirson | David N. Rumley |
| 17-CR-20050 | Chelsea R. Parrent | C. Ryan Finlen | FPD – Peter W. Henderson |
| 17-CR-20052* | Shawndale Cowell | Bryan D. Freres | James A. Martinkus |

GOV. APP. 067

| Case Number | Defendant Name | AUSA | Last Defense Counsel of Record |
|---|---|---|---|
| 17-CR-20053* | Nehemiah LaFoe | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20055 | Nicholas Wright | Bryan D. Freres | Baku N. Patel |
| 17-CR-20056* | Tarvez Q. Smith | C. Ryan Finlen | J. Steven Beckett |
| 17-CR-20057 | Tyrone Fulwiley | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-20058* | Joshua E. Lange | Elham M. Peirson | FPD – Elisabeth R. Pollock |
| 17-CR-20059 | Harinson Cerrato-Gomez | Bryan D. Freres | FPD – Johanes C. Maliza |
| 17-CR-20061* | Anthony T. Johnson | Katherine V. Boyle | Michael J. Zopf |
| 17-CR-20061* | Stephen D. Jones | Katherine V. Boyle | Steven N. Sarm |
| 17-CR-20001 | Jamonie Watkins | C. Ryan Finlen | Monroe D. McWard |
| 18-CR-20001 | Tywone Mitchell | C. Ryan Finlen | Donald Parkinson |
| 18-CR-20002* | Tremayne T. Dozier | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-20003 | Christopher R. Wade | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-20005* | Cassandra L. Martinez | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-20006 | Jose Ramirez-Santos | C. Ryan Finlen | FPD – Johanes C. Maliza |
| 18-CR-20008* | Kenneth W. Slater | Elham M. Peirson | FPD – Johanes C. Maliza |
| 18-CR-20009 | Rusty L. Schuldt | Eugene L. Miller | No counsel of record; SR condition(s) modified for transfer-in defendant with defendant's consent and waiver of hearing |
| 18-CR-20011* | Micheal R. Fleming | C. Ryan Finlen | FPD – Elisabeth R. Pollock |
| 18-CR-20019* | Christopher DiFilippo | Gregory M. Gilmore | FPD – Johanes C. Maliza |
| 18-CR-20022* | Marcellus Ward | Katherine V. Boyle | FPD – Johanes C. Maliza |
| 18-CR-20023* | Patrick Guentangue | C. Ryan Finlen | FPD – Elisabeth R. Pollock |

10

 **U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*Urbana Division Office*

*John C. Milhiser*                                    *Urbana Federal Building and U.S. Courthouse*
*United States Attorney*



[Date], 2019

**VIA E-MAIL**                                    **VIA CERTIFIED MAIL**
[Name of Last Defense Counsel of Record]          [Name of Defendant]
[Address]                                         [Reg. No. if still in prison]
                                                  [Address]

        Re:     *United States v. [Name of Defendant]*,
                Case No. [##-cr-#####] (C.D. Ill.)

Dear [Mr./Ms.] [Defense Counsel] and [Mr./Ms.] [Defendant]:

        The U.S. Attorney's Office for the Central District of Illinois has learned of an ex parte communication between the Hon. Colin S. Bruce, U.S. District Judge, and a staff member in our office that occurred in December 2016 and related to the case of *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.). *See* Bates Nos. 2539-2548 (enclosed).

        Following our office's discovery of that communication, we searched our records for all documented communications, including non-ex-parte communications, which occurred between Judge Bruce and at least one member of our office. Our search resulted in the identification of approximately 1,230 such communications.

        Of those approximately 1,230 communications, we identified approximately 100 communications that constituted potentially unauthorized ex parte communications. The government has since turned over copies of those approximately 100 communications in the case(s) to which each communication related, with the exception of three email strings (11 emails total) where the government was not able to determine the related case(s).

        In general, but not exclusively, the potentially unauthorized ex parte communications that involved Judge Bruce and U.S. Attorney's Office personnel related to the scheduling of hearings; the provision of documents, such as plea agreements and jury instructions, to the judge in advance of a hearing or trial; and the judge inquiring about (and/or U.S. Attorney's Office personnel informing the judge of) whether the government anticipated a particular case(s) was proceeding to trial.

Some of the communications, including non-ex-parte communications, also revealed that Judge Bruce, a former Assistant United States Attorney, maintained a degree of friendship with some of his former colleagues after he became a federal judge in October 2013 . For instance, some of the communications revealed that the judge and some members of the U.S. Attorney's Office at times engaged in friendly banter; discussed inside jokes, common experiences, and political topics; and used first names, nicknames, and unprofessional titles.

Since the government's disclosure of the potentially unauthorized ex parte communications, three defendants have filed post-judgment motions in which each defendant has alleged that communications between Judge Bruce and our office demonstrate that the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Gmoser*, Case No. 14-cr-20048-004 (C.D. Ill.) (motion for new trial and supplemental motion under Rule 33 filed on October 3 and December 28, 2018); *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.) (motion for new trial under Rule 33 filed on October 25, 2018); and *Shannon v. United States*, Case No. 18-cv-2233 (C.D. Ill.) (motion under 28 U.S.C. § 2255 filed on September 17, 2018). Additionally, one defendant has raised on direct appeal the issue of whether Judge Bruce erred by failing to disqualify himself under 28 U.S.C. § 455(a) and/or whether the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Atwood*, No. 18-2113 (7th Cir.) (opening brief filed January 17, 2019).

The  Hon. James E. Shadid, Chief United States District Judge, is presiding over each of the district court cases, and the motions are still pending. The *Atwood* appeal is also still pending.

Our records reveal that Judge Bruce presided over at least one of the following proceedings in your (or your client's) case:

    A.    A change-of-plea hearing or the adoption of a magistrate judge's report
          and recommendation concerning the change of plea hearing;

    B.    A trial that resulted in a guilty verdict;

    C.    A sentencing hearing; or

    D.    A revocation of supervised release or an adverse modification of a term or
          condition of supervised release.

It is our position that Judge Bruce did not have a disqualifying bias in your case, or in any other defendant's case. Nonetheless, we are advising you that at least four

defendants are contending otherwise based on the communications between the judge and members of our office.

       If you are a defendant, please do not contact this office. Instead, if you are presently represented by an attorney, contact your attorney. If you are not represented by an attorney, you may contact the Office of the Federal Public Defender at 401 Main Street, Suite 1500, Peoria, Illinois 61602, with any questions that you might have. Again, please do not contact this office if you are a defendant.

                 Respectfully yours,

                 JOHN C. MILHISER
                 UNITED STATES ATTORNEY

       By:    _____
                [NAME]
                Assistant United States Attorney

Encl.

Order of the Chief Judge dated February __, 2019
Bates Nos. 2539-2548

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT URBANA

IN THE MATTER OF COMMUNICA-    )
TIONS BETWEEN THE HON. COLIN   )      No. 19-mc-_____
S. BRUCE AND THE UNITED STATES )
ATTORNEY'S OFFICE              )

O R D E R

This matter is before the Court on the government's motion for an order

authorizing limited contact with defendants who are represented by counsel. The

Court, being fully advised in this matter, GRANTS the motion.

In its motion, the government represents that it intends to provide notice

of communications between Judge Bruce and U.S. Attorney's Office personnel to

each criminal defendant who had a case before Judge Bruce, where the judge

presided over at least one of the following proceedings:

A.    A change-of-plea hearing or the adoption of a magistrate judge's
      report and recommendation concerning the defendant's change of
      plea;

B.    A trial that resulted in a guilty verdict;

C.    A sentencing hearing; or

D.    A revocation of supervised release or the adverse modification of a
      supervised release term or condition.

*See* Attachment 2 to the government's motion.

The government intends to provide notice by sending a letter to each defendant's last known counsel of record (if applicable) and to each defendant at his or her last known address, with the exception that the government does not intend to send notice to Defendants Gmoser, Nixon, Shannon, and Atwood, each of whom have filed post-judgment filings in either the district court or in the court of appeals raising the issue of Judge Bruce's alleged bias. *See United States v. Gmoser*, Case No. 14-cr-20048-004 (C.D. Ill.); *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.); *Shannon v. United States*, Case No. 18-cv-2233 (C.D. Ill.); *United States v. Atwood*, No. 18-2113 (7th Cir.). *See* Attachment 3 to the government's motion.

The Court has reviewed the proposed letter and the enclosures that will accompany each letter and finds that the contact the government proposes is appropriate. The enclosures are Attachment 1 to the government's motion (Bates Nos. 2539-48) and a copy of this order.

IT IS THEREFORE ORDERED that the government is authorized to contact each defendant on the list by means of the proposed letter, with enclosures, even if the defendant is presently represented by counsel. *See* Ill. Rule of Professional Conduct 4.2; ABA Model Rule 4.2.

2

IT IS FURTHER ORDERED that, should the government learn of any additional defendant not named in the list who should receive notice, the government is authorized to make the same contact with such defendant even if that defendant is represented by counsel.

ENTERED this _____ Day of February, 2019.

_____

JAMES E. SHADID
Chief United States District Judge

3

GOV. APP. 074

**Thomas Patton**

**From:** Johanna Christiansen
**Sent:** Friday, March 15, 2019 2:11 PM
**To:** Peter Henderson; Thomas Patton
**Subject:** FYI

You are both probably aware of the James Atwood case that Michelle Jacobs is handling on appeal. It is a Bruce case. Just in case you aren't, it looks like she filed an additional brief after receiving a bunch of emails from the USAO and the emails (which are filed in a separate appendix) do not seem to be redacted (aside from standard birthdate, etc.)

The case number is 18-2113, just in case you weren't aware.

Johanna M. Christiansen
Assistant Federal Public Defender
Central District of Illinois



This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this
email is strictly prohibited. If you have received this email in error, please notify us by reply email. Thank you.

GOV. APP. 075

## Thomas Patton

**From:** Thomas Patton
**Sent:** Friday, March 15, 2019 2:44 PM
**To:** Johanna Christiansen; Peter Henderson
**Subject:** RE: FYI

Thanks Johanna

---

**From:** Johanna Christiansen >
**Sent:** Friday, March 15, 2019 2:11 PM
**To:** Peter Henderson ; Thomas Patton
**Subject:** FYI

You are both probably aware of the James Atwood case that Michelle Jacobs is handling on appeal. It is a Bruce case. Just in case you aren't, it looks like she filed an additional brief after receiving a bunch of emails from the USAO and the emails (which are filed in a separate appendix) do not seem to be redacted (aside from standard birthdate, etc.)

The case number is 18-2113, just in case you weren't aware.

Johanna M. Christiansen
Assistant Federal Public Defender

This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this
email is strictly prohibited. If you have received this email in error, please notify us by reply email. Thank you.

GOV. APP. 076

**Thomas Patton**

---

| | |
|---|---|
| **From:** | Peter Henderson |
| **Sent:** | Friday, March 15, 2019 4:34 PM |
| **To:** | Johanna Christiansen; Thomas Patton |
| **Subject:** | RE: FYI |
| **Attachments:** | Atwood brief.pdf |

I really hate when other lawyers pile on this Judge Bruce thing and convincingly demonstrate how wrongful his conduct was. Makes me optimistic for our case, though I think it's false optimism. Tom, you should read the brief if you get a chance. Here's hoping Michelle pulls a good panel.

---

**From:** Johanna Christiansen ███████████████████████ >
**Sent:** Friday, March 15, 2019 2:11 PM
**To:** Peter Henderson ██████████████████ Thomas Patton ████████████████
**Subject:** FYI

You are both probably aware of the James Atwood case that Michelle Jacobs is handling on appeal.  It is a Bruce case.  Just in case you aren't, it looks like she filed an additional brief after receiving a bunch of emails from the USAO and the emails (which are filed in a separate appendix) do not seem to be redacted (aside from standard birthdate, etc.)

The case number is 18-2113, just in case you weren't aware.

Johanna M. Christiansen
Assistant Federal Public Defender
Central District of Illinois



This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this
email is strictly prohibited.  If you have received this email in error, please notify us by reply email.  Thank you.

GOV. APP. 077

**Thomas Patton**

| | |
|---|---|
| **From:** | Johanna Christiansen |
| **Sent:** | Friday, March 15, 2019 5:30 PM |
| **To:** | Peter Henderson; Thomas Patton |
| **Subject:** | Re: FYI |

Michelle and Vanessa are good. They will do a great job

Get Outlook for iOS

On Fri, Mar 15, 2019 at 4:34 PM -0500, "Peter Henderson" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮> wrote:

I really hate when other lawyers pile on this Judge Bruce thing and convincingly demonstrate how wrongful his conduct was. Makes me optimistic for our case, though I think it's false optimism. Tom, you should read the brief if you get a chance. Here's hoping Michelle pulls a good panel.

**From:** Johanna Christiansen ▮▮▮▮▮▮▮▮▮▮
**Sent:** Friday, March 15, 2019 2:11 PM
**To:** Peter Henderson ▮▮▮▮▮▮▮▮▮▮▮; Thomas Patton ▮▮▮▮▮▮▮▮▮▮
**Subject:** FYI

You are both probably aware of the James Atwood case that Michelle Jacobs is handling on appeal.  It is a Bruce case.  Just in case you aren't, it looks like she filed an additional brief after receiving a bunch of emails from the USAO and the emails (which are filed in a separate appendix) do not seem to be redacted (aside from standard birthdate, etc.)

The case number is 18-2113, just in case you weren't aware.

Johanna M. Christiansen
Assistant Federal Public Defender
Central District of Illinois
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify us by reply email.  Thank you.

GOV. APP. 078

## TOLLING AGREEMENT

1. The Office of the Federal Public Defender represents that it is counsel for each of the defendants listed in the attached document and has the authority to enter into this agreement on behalf of each listed defendant. The Office further represents that each of the listed defendants was convicted and sentenced in proceedings over which Colin S. Bruce, United States District Court Judge, presided.

2. The United States Attorney for the Central District of Illinois, the Office of the Federal Public Defender, and each of the listed defendants agree that the limitation period for filing a claim under 28 U.S.C. § 2255 or a motion for new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33(b)(1) that alleges Judge Bruce was biased, and therefore violated a listed defendant's rights under the Due Process Clause, is tolled pending the district court's resolution of the counseled motion for new trial filed by the defendant Sarah Nixon in *United States v. Nixon*, No. 15-cr-20057.

3. Specifically, each listed defendant shall have 60 days from the date the decision in *Nixon* is final to bring a claim of actual bias under Section 2255 or Rule 33(b)(1) regarding Judge Bruce. The 60-day period shall be measured from (i) the date of the district court's order resolving the motion for new trial, if neither the United States nor Nixon appeals from that decision, or (ii) the date of the mandate of the court of appeals, if either party files a timely appeal from the district court's decision.

4. For any listed defendants who must obtain permission from the court of appeals to file a second or successive Section 2255 motion, the 60-day period and how it is measured, as described in the above paragraph, applies to the defendant's application under 28 U.S.C. § 2244. Nothing in this agreement, however, shall be construed as a concession by the United States that the evidence of Judge Bruce's alleged bias meets the requirements of Section 2255(h)(1) or (h)(2) for the filing of a second or successive motion under Section 2255.

5. This tolling agreement applies only to a claim under Section 2255 or Rule 33(b)(1) that Judge Bruce was biased, and therefore violated a listed defendant's rights under the Due Process Clause.

Date:___9/23/19_____

Thomas W. Patton
Chief Federal Public Defender
Federal Public Defender's Office for the
Central District of Illinois

Date:___9/30/19_____

John C. Milhiser
United States Attorney
United States Attorney's Office for the
Central District of Illinois

| Client | Case # |
|---|---|
| Baker, Michael | 16-20065 |
| Barber, Derrick | 11-20050 |
| Brooks, Emerson | 16-20012 |
| Brown, Arnett DeShaun | 15-20049 |
| Brown, JB | 14-20007 |
| Burns, Austin | 14-20050 |
| Burtley, Chonice | 15-20017 |
| Chandler, Jay | 16-20040 |
| Collins, Maurice | 14-20032 |
| Cowell, Shawndale | 17-20052 |
| Crite, Antwon | 14-20051 |
| Dalton, Brian | 14-20052 |
| Davis, Andre | 16-20035 |
| Dorsey, Edward | 14-20026 |
| Douglas, Avers | 16-20038 |
| Droughns, Dennis | 14-20037 |
| Flores, Fern | 17-20001 |
| Garcia, Andres | 17-20035 |
| Garcia, David | 14-20035 |
| Gherna, John | 16-20050 |
| Guardiola, Jesse | 16-20045 |
| Harper, George | 14-20070 |

GOV. APP. 081

| | |
|---|---|
| Harper, Jesse | 16-20010 |
| Hoffman, Jeremy | 15-20031 |
| Ingram, Nicholas | 16-20074 |
| James, Thomas | 17-20009 |
| Johnson, Henry | 15-20058 |
| Johnson, Larry | 16-20075 |
| Jones, Martavis | 16-20040 |
| Lacy, Harold | 14-20073 |
| LaFoe, Nehemiah | 17-20053 |
| Lattimore, Dallas | 17-20020 |
| Logan, Shannon | 14-20042 |
| Martinez, Oscar | 14-20035 |
| McWilliams, Kevin | |
| Milan, Justin | 17-20005 |
| Minnieweather, Jerry | 15-20043 |
| Nance, Charles | 14-20009 |
| O'Connor, Terrence | 15-20054 |
| Parker, James | 16-20051 |
| Parkhurst, Jeffrey | 15-20051 |
| Pettis, Kevin | 16-20002 |
| Pugh, Wallace | 14-20075 |
| Reddy, Bradley | 16-20023 |
| Roper, William | 16-20032 |

GOV. APP. 082

| | |
|---|---|
| Salinas, George | 14-20063 |
| Sanford, Cory | 16-20082 |
| Sargent, Dalton | 16-20069 |
| Saxon, Pierre | 16-20042 |
| Schuerger, Paul | 17-20016 |
| Scott, Tyren | 17-20010 |
| Smith, Markese | 15-20021 |
| Smith, Roosevelt | 14-20055 |
| Snyder, Kelton | 15-20045 |
| Speed, Jermaine | 14-20056 |
| Speed, Rico | 14-20057 |
| Strayhorn, Winston | 14-20031 |
| Terrell, Maurice | 16-20053 |
| Thomas, Deandre | 16-20020 |
| Tucker, Ladonta | 16-20017 |
| Young, Randal | 14-20064 |
| Young, Vincent | 98-20056 |
| Zuniga-Alameda, Celso | 16-20083 |

**Thomas Patton**

| | |
|---|---|
| **From:** | Elisabeth Pollock |
| **Sent:** | Friday, October 25, 2019 10:24 AM |
| **To:** | Thomas Patton |
| **Subject:** | US v. Atwood |

The government concedes the appearance of impartiality in this case and in no others? WTF? I just lost Simon and they found no appearance of impropriety. Is there anything I can do about this? I didn't file for en banc and the time period has expired. Working on a cert petition now.

Elisabeth R. Pollock
Assistant Federal Public Defender
Federal Public Defender's Office



***This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify use by reply email.  Thank you for your cooperation.

**Thomas Patton**

---

**From:** Thomas Patton
**Sent:** Friday, October 25, 2019 12:19 PM
**To:** Elisabeth Pollock
**Subject:** RE: US v. Atwood

The short answer is we didn't argue recusal based on the emails. Our recusal argument was based on Bruce being involved in prosecuting one of the ACCA predicates. Simone could file a 2255 motion saying we were ineffective for not raising the recusal issue based on the emails. He'd have a decent shot at winning given the Atwood decision.

**From:** Elisabeth Pollock <span style="background:black">████████</span>
**Sent:** Friday, October 25, 2019 10:24 AM
**To:** Thomas Patton <<span style="background:black">████████</span>
**Subject:** US v. Atwood

The government concedes the appearance of impartiality in this case and in no others? WTF? I just lost Simon and they found no appearance of impropriety. Is there anything I can do about this? I didn't file for en banc and the time period has expired. Working on a cert petition now.

Elisabeth R. Pollock
Assistant Federal Public Defender
Federal Public Defender's Office



***This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify use by reply email.  Thank you for your cooperation.

GOV. APP. 085

**Thomas Patton**

---

**From:** Elisabeth Pollock
**Sent:** Friday, October 25, 2019 12:20 PM
**To:** Thomas Patton
**Subject:** Re: US v. Atwood

Yeah. But they stood on their heads to say he wasn't biased when he clearly was. Ugh. I should have raised it de novo.

Sent from my iPhone

> On Oct 25, 2019, at 12:18 PM, Thomas Patton <███████████> wrote:
>
> The short answer is we didn't argue recusal based on the emails. Our recusal argument was based on Bruce being involved in prosecuting one of the ACCA predicates. Simone could file a 2255 motion saying we were ineffective for not raising the recusal issue based on the emails. He'd have a decent shot at winning given the Atwood decision.
>
> **From:** Elisabeth Pollock███████████
> **Sent:** Friday, October 25, 2019 10:24 AM
> **To:** Thomas Patton ████████>
> **Subject:** US v. Atwood
>
> The government concedes the appearance of impartiality in this case and in no others? WTF? I just lost Simon and they found no appearance of impropriety. Is there anything I can do about this? I didn't file for en banc and the time period has expired. Working on a cert petition now.
>
>
> Elisabeth R. Pollock
> Assistant Federal Public Defender
> Federal Public Defender's Office
> 
>
> ***This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify use by reply email.  Thank you for your cooperation.

1

GOV. APP. 086

## Thomas Patton

**From:** Thomas Patton
**Sent:** Friday, October 25, 2019 12:24 PM
**To:** Elisabeth Pollock
**Subject:** RE: US v. Atwood

I didn't catch it either.

---

**From:** Elisabeth Pollock███████████████>
**Sent:** Friday, October 25, 2019 12:20 PM
**To:** Thomas Patton███████████████>
**Subject:** Re: US v. Atwood

Yeah. But they stood on their heads to say he wasn't biased when he clearly was. Ugh. I should have raised it de novo.

Sent from my iPhone

> On Oct 25, 2019, at 12:18 PM, Thomas Patton ███████████████> wrote:
>
> The short answer is we didn't argue recusal based on the emails. Our recusal argument was based on Bruce being involved in prosecuting one of the ACCA predicates. Simone could file a 2255 motion saying we were ineffective for not raising the recusal issue based on the emails. He'd have a decent shot at winning given the Atwood decision.
>
> ---
>
> **From:** Elisabeth Pollock███████████████
> **Sent:** Friday, October 25, 2019 10:24 AM
> **To:** Thomas Patton███████████████
> **Subject:** US v. Atwood
>
> The government concedes the appearance of impartiality in this case and in no others? WTF? I just lost Simon and they found no appearance of impropriety. Is there anything I can do about this? I didn't file for en banc and the time period has expired. Working on a cert petition now.
>
>
> Elisabeth R. Pollock
> Assistant Federal Public Defender
> Federal Public Defender's Office
> 
>
> ***This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please notify use by reply email. Thank you for your cooperation.

GOV. APP. 087

## Thomas Patton

**From:** Elisabeth Pollock
**Sent:** Monday, November 4, 2019 11:05 AM
**To:** Thomas Patton
**Cc:** Peter Henderson
**Subject:** Possible Atwood issues

I litigated the following appeals immediately prior to/during the time frame when CSB's emails became known to us:
Samuel Yarber – Merits Brief filed 10/1/18, argued 1/24/19
Marshon Simon – Merits Brief filed 1/4/19, argued 5/30/19
Maurice Collins – Merits Brief filed 8/1/18, argued 12/11/18 (this was a safety valve issue, and he got the man min)
Cartavius Farrington – Merits Brief filed 6/28/18, argued 11/14/18 – already sent him the 2255

Elisabeth R. Pollock
Assistant Federal Public Defender
Federal Public Defender's Office



***This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify use by reply email.  Thank you for your cooperation.

GOV. APP. 088

## Thomas Patton

**From:** Thomas Patton
**Sent:** Tuesday, November 5, 2019 7:43 AM
**To:** Elisabeth Pollock
**Cc:** Peter Henderson
**Subject:** RE: Possible Atwood issues

Write up a letter telling them about their right to file a 2255 and that they may want to include a claim of ineffective assistance of appellate counsel for failing to raise a 455(a) claim based on the emails. Also write up an affidavit to go with the letter stating that the failure to raise the 455(a) claim was not a strategic decision but rather an oversight by our office. We'll review them before we send them out.

**From:** Elisabeth Pollock ▓▓▓▓▓▓▓▓▓▓▓ >
**Sent:** Monday, November 4, 2019 11:05 AM
**To:** Thomas Patton ▓▓▓▓▓▓▓▓
**Cc:** Peter Henderson ▓▓▓▓▓▓▓▓▓▓
**Subject:** Possible Atwood issues

I litigated the following appeals immediately prior to/during the time frame when CSB's emails became known to us:
Samuel Yarber – Merits Brief filed 10/1/18, argued 1/24/19
Marshon Simon – Merits Brief filed 1/4/19, argued 5/30/19
Maurice Collins – Merits Brief filed 8/1/18, argued 12/11/18 (this was a safety valve issue, and he got the man min)
Cartavius Farrington – Merits Brief filed 6/28/18, argued 11/14/18 – already sent him the 2255

Elisabeth R. Pollock
Assistant Federal Public Defender
Federal Public Defender's Office



\*\*\*This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify use by reply email.  Thank you for your cooperation.

GOV. APP. 089

## Thomas Patton

**From:** Elisabeth Pollock
**Sent:** Friday, November 8, 2019 1:28 PM
**To:** Thomas Patton
**Subject:** Atwood drafts
**Attachments:** Atwood Client Letter.docx; Affidavit of Elisabeth R. Pollock.docx

Attached for your review.

Elisabeth R. Pollock
Assistant Federal Public Defender
Federal Public Defender's Office



***This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify use by reply email.  Thank you for your cooperation.

GOV. APP. 090



FEDERAL PUBLIC DEFENDER
CENTRAL DISTRICT OF ILLINOIS

DATE

CLIENT

Dear _____:

  Recently, the Seventh Circuit Court of Appeals handed down a decision in *United States v. Atwood,* 2019 WL 5445315, -- F.3d. --- (7th Cir. 2019). I am enclosing a copy of the decision for your review. In *Atwood,* the Court found that Judge Colin Bruce sentenced the defendant after it became public knowledge that he had engaged in improper *ex parte* communications with the United States Attorney's Office on another case. The government conceded that the disclosure of the emails called into doubt Judge Bruce's impartiality regarding the US Attorney's Office, and ruled that he should have recused himself on that basis. It then remanded Atwood's case for resentencing before another Judge.

  Your case was on direct appeal when the emails first became public knowledge. As such, an argument was available that your case should have been remanded for resentencing under the same theory as Atwood's was. However, I did not make that argument on your behalf. The failure to do so can now be viewed as ineffective assistance of counsel. I encourage you to file a Motion to Vacate, Set Aside, or Correct your sentence under 28 U.S.C. § 2255 as soon as possible. I am attaching an Affidavit for you to attach to your Motion which acknowledges my ineffectiveness in failing to raise this argument on your behalf. Please let me know if you have any questions.

           Very truly yours,

           ELISABETH R. POLLOCK

ERP:mdk
Enclosures (Form 2255 Motion and Instructions, Affidavit, copy of *United States v. Atwood*)

| FEDERAL PUBLIC DEFENDER | ASSISTANT DEFENDERS | | OFFICES |
| --- | --- | --- | --- |
| Thomas W. Patton | Robert Alvarado | Rosie Brown | |
| | Karl Bryning | Johanna Christiansen | |
| SENIOR LITIGATOR | Peter Henderson | Daniel Hillis | |
| George Taseff | Johanes Maliza | Brian Mullins | |
| | Elisabeth Pollock | Colleen Ramais | |

GOVT. APP. 091

## **Affidavit of Elisabeth R. Pollock**

I, Elisabeth R. Pollock, declare to this Court under penalty of perjury that:

1. I am an attorney licensed to practice in the State of Illinois, and am currently employed as an Assistant Federal Defender in the Federal Defender's Office for the Central District of Illinois.
2. I am the attorney who was responsible for representing Cartavius Farrington in his appeal to the Seventh Circuit Court of Appeals, Case Number 18-1122.
3. While I was representing Mr. Farrington, our office was made aware of the existence of *ex parte* emails between United States District Judge Colin S. Bruce and members of the United States Attorney's Office for the Central District of Illinois.
4. Said emails were made public in August of 2018, during the pendency of Mr. Farrington's appeal.
5. As counsel, I had an obligation to raise this issue on direct appeal and request a remand for resentencing, as defense counsel did in *United States v. Atwood*, but I failed to do so.
6. In my opinion, my failure to raise the issue is prima facie evidence of ineffective assistance of counsel.

   Further Affiant Sayeth Not.

Under penalty of perjury, the undersigned declares that the contents of the foregoing affidavit are true and correct to the best of my knowledge and belief.

Dated: April _____,2017                    _____

                                                               Jose Flores

## Thomas Patton

---

**From:** Thomas Patton
**Sent:** Monday, November 18, 2019 1:45 PM
**To:** Elisabeth Pollock
**Subject:** RE: Atwood drafts

I think the letter is fine. Make sure when you send it to the different clients you're considering whether the particular client might want to ask for more than a resentencing (Marshon Simmon for example will probably want to ask for a new judge to rule on his suppression motion).

I think paragraph 6 of the affidavit should be redone. Instead of stating a legal opinion we should say something like this: "My failure to raise an issue under the recusal statute, 18 U.S.C. sec. 455(a) was not based on any litigation strategy. I simply failed to recognize the recusal statute provided the basis for a valid claim that your sentence should be vacated. This was an oversight on my part rather than a strategic decision."

Give me a call when you can. Simmon has been calling me but I haven't taken the calls. I wanted to get this straightened out first.

---

**From:** Elisabeth Pollock
**Sent:** Friday, November 8, 2019 1:28 PM
**To:** Thomas Patton
**Subject:** Atwood drafts

Attached for your review.


Elisabeth R. Pollock
Assistant Federal Public Defender
Federal Public Defender's Office


***This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this email or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this email in error, please notify use by reply email.  Thank you for your cooperation.

GOV. APP. 093

## Thomas Patton

| | |
|---|---|
| **From:** | Thomas Patton |
| **Sent:** | Wednesday, December 4, 2019 11:39 AM |
| **To:** | Peter Henderson |
| **Subject:** | Nixon |
| **Attachments:** | Amended New Trial Motion.docx |

See what you think of this. May be too over the top at the end.

Tom Patton
Federal Public Defender
Central District of Illinois

GOV. APP. 094

## Thomas Patton

**From:** Peter Henderson
**Sent:** Wednesday, December 4, 2019 12:15 PM
**To:** Thomas Patton
**Subject:** RE: Nixon
**Attachments:** Amended New Trial Motion - PWH.docx



Also I remembered why we didn't include 455(a) before. O'Malley seems to imply you need to show a possibility of acquittal for anything but the most serious constitutional claims, and a statutory claim under 455(a) might not qualify. Makes sense to include it now, though, after Atwood.

---

**From:** Thomas Patton
**Sent:** Wednesday, December 04, 2019 11:39 AM
**To:** Peter Henderson
**Subject:** Nixon

See what you think of this. May be too over the top at the end.

Tom Patton
Federal Public Defender
Central District of Illinois

GOV. APP. 095

## Thomas Patton

| | |
|---|---|
| **From:** | Thomas Patton |
| **Sent:** | Thursday, January 23, 2020 9:42 AM |
| **To:** | USA |
| **Subject:** | FW: Judge Bruce Cases and US v Atwood |
| **Attachments:** | Letter to Milhiser.pdf |

Hi John,

I'm following up on the Atwood issue discussed in the email below and the attached letter. At the judges meeting in Davenport you told me you had Gregg Walters looking into the issue. I asked Gregg about this in December before he went out on leave and he told me to talk to you. Judge Shadid has set a status conference in a pending Judge Bruce case, US v. Lopez, 16-20004. I anticipate the Atwood issue will come up during the status conference. Mr. Lopez is not one of the defendants covered by the tolling agreement but since the issue is going to come up I wanted to check in. If I'm not going to be able to raise the Atwood issue for the people covered by the tolling agreement I need to let them and the judges know about the situation so they can take appropriate action.

Thanks.

Tom

---

**From:** Thomas Patton
**Sent:** Tuesday, November 5, 2019 4:15 PM
**To:** Milhiser, John (USAILC) ████████████
**Subject:** Judge Bruce Cases and US v Atwood

Hi John,

Attached is a letter concerning the Judge Bruce cases we agreed to toll pending Nixon and the Seventh Circuit's opinion in Atwood. Take a look and let me know what you think. I apologize for not foreseeing the Atwood recusal issue and including it in the original tolling agreement.

Tom

Tom Patton
Federal Public Defender
Central District of Illinois
████████████
████████

1



### FEDERAL PUBLIC DEFENDER
### CENTRAL DISTRICT OF ILLINOIS

November 5, 2019

John Milhiser
United States Attorney
Central District of Illinois

▮▮▮▮▮▮▮▮▮

VIA EMAIL

RE: Judge Bruce cases and *United States v. Atwood*, --F.3d--, 2019 WL 5445315 (7th Cir. 2019)

Dear John:

The Seventh Circuit's decision in *United States v. Atwood* provides a potential challenge to convictions and sentences in cases presided over by Judge Bruce while he was engaging in *ex parte* communications with the United States Attorney's office. I understand your office is unlikely to concede a violation of 18 U.S.C. § 455(a) warrants relief in either the § 2255 or Rule 33 new trial context. I also understand the Seventh Circuit may find that the harmless error analysis is different in the post-conviction context than in the direct appeal context. However, given *Atwood* there is a reasonable basis to raise a claim in a § 2255 motion or motion for new trial that Judge Bruce should have recused himself under § 455(a) and he committed legal error when he failed to do so, and based on that error a defendant is entitled to withdraw his plea or receive a resentencing. We have been getting a large number of calls from clients regarding the *Atwood* case so I need to take action on this issue.

The agreement we reached to toll the statute of limitations for filing § 2255 motions or new trial motions regarding Judge Bruce cases is limited to "a claim under 28 U.S.C. § 2255 or a motion for new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33(b)(1) that alleges Judge Bruce was biased, and therefore violated a listed defendant's rights under the Due Process Clause, is tolled pending the district court's resolution of the counseled motion for new trial filed by the defendant Sarah Nixon in *United States v. Nixon*, No. 15-cr-20057." Obviously, a failure to recuse claim is not the same as a claim that Judge Bruce was in fact biased. That means I failed to properly preserve the recusal issue for the 61 clients covered by the tolling agreement. That is totally my fault.

I'm writing to ask if you would consider amending our agreement to include claims made pursuant to 18 U.S.C. § 455(a). I understand you are under no obligation to amend the

FEDERAL
PUBLIC DEFENDER
Thomas W. Patton

SENIOR LITIGATOR
George Taseff

ASSISTANT DEFENDERS
Robert Alvarado        Rosie Brown
Karl Bryning           Johanna Christiansen
Peter Henderson        Daniel Hillis
Johanes Maliza         Brian Mullins
Elisabeth Pollock      Colleen Ramais

GOV. APP. 097

agreement and I understand if you decide not to agree to an amendment. I apologize for putting you in this position.

The § 2255 statute of limitations is subject to equitable tolling. If the tolling agreement is not amended my plan is to contact the defendants covered by the tolling agreement and explain my error in failing to preserve the *Atwood* claim. That will likely result in a large number of § 2255 motions being filed pretty quickly. Because of this fact I plan to mention this issue at the judges meeting this Friday so the judges are not caught off guard by the influx of § 2255 motions. I will make it clear to the judges that I am responsible for this situation, not you. I am not trying to force you into agreeing to modify the tolling agreement. Rather, I wanted to let you know about this before the meeting so you are not blindsided.

Thanks for your consideration.


Sincerely,

*Tom*

Thomas W. Patton

■

**Thomas Patton**

| | |
|---|---|
| **From:** | Milhiser, John (USAILC) ███████████████ > |
| **Sent:** | Monday, January 27, 2020 4:01 PM |
| **To:** | Thomas Patton |
| **Subject:** | RE: Judge Bruce Cases and US v Atwood |

Tom,

Yes, I spoke with Gregg and we are not expanding the tolling agreement to any other issues other than those covered in the agreement.

Thanks,

John

---

**From:** Thomas Patton ████████████████
**Sent:** Thursday, January 23, 2020 9:42 AM
**To:** Milhiser, John (USAILC) ██████████████
**Subject:** FW: Judge Bruce Cases and US v Atwood

Hi John,

I'm following up on the Atwood issue discussed in the email below and the attached letter. At the judges meeting in Davenport you told me you had Gregg Walters looking into the issue. I asked Gregg about this in December before he went out on leave and he told me to talk to you. Judge Shadid has set a status conference in a pending Judge Bruce case, US v. Lopez, 16-20004. I anticipate the Atwood issue will come up during the status conference. Mr. Lopez is not one of the defendants covered by the tolling agreement but since the issue is going to come up I wanted to check in. If I'm not going to be able to raise the Atwood issue for the people covered by the tolling agreement I need to let them and the judges know about the situation so they can take appropriate action.

Thanks.

Tom

---

**From:** Thomas Patton
**Sent:** Tuesday, November 5, 2019 4:15 PM
**To:** Milhiser, John (USAILC) ███████████████
**Subject:** Judge Bruce Cases and US v Atwood

Hi John,

Attached is a letter concerning the Judge Bruce cases we agreed to toll pending Nixon and the Seventh Circuit's opinion in Atwood. Take a look and let me know what you think. I apologize for not foreseeing the Atwood recusal issue and including it in the original tolling agreement.

Tom

Tom Patton
Federal Public Defender
Central District of Illinois

████████████████

GOV. APP. 099

GOV. APP. 100

## Thomas Patton

| | |
|---|---|
| **From:** | Thomas Patton |
| **Sent:** | Monday, January 27, 2020 4:09 PM |
| **To:** | Milhiser, John (USAILC) |
| **Subject:** | RE: Judge Bruce Cases and US v Atwood |

Ok Thanks.

**From:** Milhiser, John (USAILC) ████████████████
**Sent:** Monday, January 27, 2020 4:01 PM
**To:** Thomas Patton ████████████
**Subject:** RE: Judge Bruce Cases and US v Atwood

Tom,
Yes, I spoke with Gregg and we are not expanding the tolling agreement to any other issues other than those covered in the agreement.
Thanks,
John

**From:** Thomas Patton < ████████████████
**Sent:** Thursday, January 23, 2020 9:42 AM
**To:** Milhiser, John (USAILC) ████████████
**Subject:** FW: Judge Bruce Cases and US v Atwood

Hi John,

I'm following up on the Atwood issue discussed in the email below and the attached letter. At the judges meeting in Davenport you told me you had Gregg Walters looking into the issue. I asked Gregg about this in December before he went out on leave and he told me to talk to you. Judge Shadid has set a status conference in a pending Judge Bruce case, US v. Lopez, 16-20004. I anticipate the Atwood issue will come up during the status conference. Mr. Lopez is not one of the defendants covered by the tolling agreement but since the issue is going to come up I wanted to check in. If I'm not going to be able to raise the Atwood issue for the people covered by the tolling agreement I need to let them and the judges know about the situation so they can take appropriate action.

Thanks.

Tom

**From:** Thomas Patton
**Sent:** Tuesday, November 5, 2019 4:15 PM
**To:** Milhiser, John (USAILC) ████████████████
**Subject:** Judge Bruce Cases and US v Atwood

Hi John,

Attached is a letter concerning the Judge Bruce cases we agreed to toll pending Nixon and the Seventh Circuit's opinion in Atwood. Take a look and let me know what you think. I apologize for not foreseeing the Atwood recusal issue and including it in the original tolling agreement.

GOV. APP. 101

Tom

Tom Patton
Federal Public Defender
Central District of Illinois

2

**Thomas Patton**

| | |
|---|---|
| **From:** | Thomas Patton |
| **Sent:** | Tuesday, January 28, 2020 10:30 AM |
| **To:** | Sara Darrow |
| **Cc:** | Milhiser, John (USAILC) |
| **Subject:** | Judge Bruce Cases |

Your Honor,

I'm writing to give you a heads up that there will likely be a large number of 2255 motions filed in the near future regarding Judge Bruce. The US Attorney and I worked out a tolling agreement on the 2255 statute of limitations to avoid a large influx of 2255 motions while the Nixon case was being litigated. The tolling agreement was limited to the original claim raised in Ms. Nixon's new trial motion, that Judge Bruce was actually biased against criminal defendants. The agreement did not toll the statute for other claims based on Judge Bruce's conduct. Based on the tolling agreement I told about 60 defendants to hold off on filing a 2255 motion.

After *Atwood* was decided it was very clear I had made a grave mistake in agreeing that the tolling agreement only applied to the claim of actual bias. Yesterday John informed me the United States declined my request to include *Atwood* claims in the tolling agreement. Accordingly, I feel compelled to quickly inform the defendants I told to wait to file about what has happened so they can promptly file a 2255 motion if they so desire.

I am not asking you to do anything, I just wanted you and the other judges to have prior notice of the large number of 2255 motions that will likely be filed in the near future.

Tom

Tom Patton
Federal Public Defender
Central District of Illinois

GOV. APP. 103

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

                                    Docket No. 14-20048

        Plaintiff,

   vs.                              Urbana, Illinois
                                    November 6, 2015
                                    1:28 p.m.
JASON T. GMOSER,

        Defendant.


            FINAL PRETRIAL/MOTION HEARING

    BEFORE THE HONORABLE COLIN STIRLING BRUCE
          UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S :

For the Plaintiff:     ELLY M. PEIRSON, ESQUIRE
                       Assistant United States Attorney
                       

                       KEITH A. BECKER, ESQUIRE
                       U.S. Department of Justice
                       Child Exploitation & Obscenity
                       

For the Defendant:     BRADLEY MICHAEL KRAEMER, ESQUIRE
                       Caparella-Kraemer & Associates
                       


Court Reporter:        LISA KNIGHT COSIMINI, RMR-CRR
                       U.S. District Court

Proceedings recorded by mechanical stenography; transcript
produced by computer.

1    I have not had a chance to review them yet.  They were

2    filed yesterday and this morning; and I've been attending

3    to other matters, so I will get to those, but we'll have

4    a jury instruction conference during the trial.

5            Along those lines, Mrs. Peirson, can you have

6    your -- make sure those are emailed to my chambers in

7    Word Perfect form?

8            MS. PEIRSON:  Your Honor, we use Word.

9            THE COURT:  Email them up in Word, and I'll

10   convert them to Word Perfect.

11           MS. PEIRSON:  Okay.

12           THE COURT:  That's fine.

13           All right.  Now we get to, I'm sure, what

14   you're all waiting to hear, which is:  When will the

15   trial take place?

16           All right.  I'm going to tell you my concerns

17   and make a record, and then we're going to talk about

18   what may or may not happen.

19           Here are my concerns.  Number one, Mr. Gmoser

20   was arrested October 16, 2014; so he's been in custody

21   now for over a year.  He's not been convicted of a crime.

22   He's simply been sitting in custody for over a year.

23   Obviously, the majority of that time was excludable time

24   as different proceedings were taking place, motions were

25   filed, et cetera.

1          So I wondered to myself when I saw this motion:

2    How did I go from a trial setting that was much earlier

3    to November 17th?

4          And on August 6th, we had a hearing; and at

5    that hearing, Mrs. Peirson, you were not here as far as I

6    can tell, but Mr. Becker was.  And during the discussion

7    of various hearings and experts, et cetera, it became

8    clear that the trial date that was set was not going to

9    be viable based on all the pending motions and the need

10   for experts and counter-experts, et cetera.

11         So very -- trying to be helpful, Mr. Becker

12   advised me that he had -- I have the benefit of a

13   transcript, which I know you do not, so -- Mr. Becker was

14   trying to be helpful, and he indicated that he had

15   already gotten together with Mr. Kraemer, and they had

16   come up with some proposed trial dates.

17         And when I asked him about how long it would

18   take, Mr. Becker indicated they could probably do the

19   whole trial in -- it would last not more than three days,

20   maybe a fourth with the defendant's evidence; so I'm

21   looking at a four-day trial.

22         Then we have some more talk here.

23         And then Mr. Becker says, "We're proposing

24   November 17th."

25         And my response was, "Mr. Kraemer, you want to

1   go all the way out to November?  I don't have a problem

2   with that.  I want to make sure that that's okay with

3   you," addressing Mr. Kraemer, obviously, "because your

4   client's in custody."

5           And Mr. Kraemer indicated there were some

6   additional issues, but -- then he goes on and says

7   November is all right, saying, "We're in agreement with

8   that."

9           So I said, "All right, November 17th."  And

10  that's why we're here.

11          Now, then I get the Government's Motion to

12  Continue filed Wednesday afternoon, two days before the

13  final pretrial, advising me that they've suddenly

14  discovered that they don't have a witness available.

15          That doesn't make me happy since I'm now in a

16  dilemma.  I try to be fair to both sides.  I have to bear

17  in mind the defendant's been in custody for over a year;

18  that we set this November 17th date on August 6th.  It

19  was set based on the representations of Mr. Becker and

20  Mr. Kraemer and agreement that it worked for both sides.

21          I built other trials around this November 17th

22  date; but, yet, for some reason, the experts were not

23  consulted the week of that hearing on August 6th, the

24  following week, anytime in the month of August, anytime

25  in the month of September, anytime in the month of

1    October, and it was only in November that suddenly

2    someone realizes "we should probably contact our expert"

3    and then find out that he's gone.

4          So this is what I'm going to do.  I have --

5    first off, I'm going to have to -- if I reset this trial,

6    I'm going to have to move some other trials, and I want

7    to do this trial as soon as possible.  So I'm going to

8    throw out some -- two dates.  If they're not acceptable,

9    we're staying with the 17th because it's bad enough that

10   I'm going to have to move other trials, and I'm not

11   moving other trials that already have expert witnesses.

12         And I need to make a record of this.  So it's

13   not just me venting; it's me making a record.

14         I cannot move the trial to the week of

15   November 30th.  I have a trial that week involving a

16   potential rape in a Decatur prison that has multiple

17   experts.  It was difficult to schedule that.  I will not

18   move that because of problems organizing witnesses for

19   months in this case.  So that week is out.

20         Obviously, the week of Thanksgiving is out.

21         The week of the 8th, I have a firm trial on

22   remand involving, again, some expert witnesses involving

23   a baby born with birth dam-- damage at birth, brain

24   trauma; multiple doctor witnesses in that, very difficult

25   to schedule.  I am not going to displace them because the

1   government failed to figure out they didn't have a

2   witness available.

3           The next week we have the Eason trial with the

4   government.  Oh, with Mrs. Peirson for that week, so that

5   trial is not being moved.

6           Then we have the week of Christmas and the week

7   of New Year's when we're not doing trials.

8           So my first available date for a four-day trial

9   would be the week of January, starting January 12th.  I'm

10  going to give you both dates, and you can tell me what,

11  which one.

12          The following week, I have a trial involving an

13  automobile collision with about six different experts,

14  including medical experts, trauma experts, even one who

15  is a concussion expert from the Pittsburgh Steelers'

16  football team.  That was exceptionally difficult to

17  schedule, jockeying all their experts around, so I'm not

18  moving that trial.

19          The following week I have a trial with another

20  defendant who's also in custody, and I'm not going to

21  take -- bump him because of what happened.

22          The following week I have a prisoner trial

23  who's been waiting for more than three years for his

24  trial.  I have recruited counsel.  The counsel is only

25  available that week, and it's difficult enough to try to

1    recruit counsel in prisoner cases.

2           The Seventh Circuit is now beginning to

3    understand that we are not Chicago; and for downstate

4    Illinois, a prisoner case -- doing it pro bono is a

5    poison pill to a law practice, or an average-sized law

6    firm, in our district.  So I'm not going to move it

7    because I successfully recruited counsel in that case,

8    and that would be discourteous and improper.

9           So that leaves my second choice of being

10   February 9th.

11          So that's -- those are the two weeks:  the week

12   of January 12th or the week of February 9th.  If you want

13   to talk to -- we'll go off the record if you -- Mr.

14   Becker, Mrs. Peirson, and Mr. Kraemer, you want to

15   discuss whether either one of those two dates work for

16   you?

17          MS. PEIRSON:  Your Honor, if we could just have

18   five minutes, that would be great.

19          THE COURT:  You can have a half an hour if you

20   want, but I'll just be sitting here; and you tell me when

21   you guys reach a decision.  We're off the record.

22              (Recess, 1:53 p.m. to 1:55 p.m.)

23          MS. PEIRSON:  Judge?

24          THE COURT:  Yes.

25          MS. PEIRSON:  Your Honor, if we could have just

1  a few more minutes, we checked with our essential

2  witnesses through the 1st week of February but did not

3  ask them -- except for Dr. Leventhal -- about the second

4  week of February; so if we could just have a few more

5  minutes to go make some phone calls --

6          THE COURT:  Sure.

7          MS. PEIRSON:  -- and see if we can get ahold of

8  folks.

9          THE COURT:  Yeah.

10          MS. PEIRSON:  Thank you.

11          THE COURT:  We'll be in recess for about

12  15 minutes.

13          MS. PEIRSON:  That would be great.  Thank you,

14  Your Honor.

15              (Recess, 1:56 p.m. to 2:11 p.m.)

16          THE COURT:  We're back on the record.  All the

17  same parties are present as before our break for about

18  15 minutes.

19          I'll start with you, Mrs. Peirson.  Where do we

20  stand?

21          MS. PEIRSON:  Your Honor, we've conferred with

22  all of our essential witnesses.  We, we couldn't reach a

23  couple of people, but I think we could still work around

24  it.  And February 9th is the week that we'd ask the Court

25  to set.

```
1            THE COURT:  Did you consult with -- Mr.

2   Kraemer, you were consulted also?

3            MR. KRAEMER:  Yes, sir.  I was, I was involved

4   in the discussion.  I'm okay with that day.  That's fine.

5            THE COURT:  All right.

6            MR. KRAEMER:  I've made contact with my expert

7   as well, and we're good for that date as well.

8            THE COURT:  Your client's good with that also?

9            MR. KRAEMER:  Yes, sir.  He understands.

10           THE COURT:  Mr. Gmoser, you're good with that

11  date for your trial, February 9th?

12           DEFENDANT GMOSER:  Yes.

13           THE COURT:  All right.  You understand you're

14  going to be in custody up until that date, correct?

15           DEFENDANT GMOSER:  Yes.

16           THE COURT:  All right.

17           MS. PEIRSON:  And, Your Honor, February 9th is

18  a Monday.  We were actually going to ask the Court, based

19  on the -- at the time that we set this case and you asked

20  the government for its estimate of time --

21           THE COURT:  Whoa, whoa.  February 9, 2016, is

22  not a Monday.

23           MS. PEIRSON:  I'm sorry.  It's a Tuesday.  I'm

24  sorry.  I'm looking at the wrong month.

25           THE COURT:  Take your time.
```

1          MS. PEIRSON:  So February 9th is a Tuesday; but

2     we anticipate that this case is going to take longer --

3     based on addressing the insanity issue, the number of

4     experts involved -- than we initially thought.  When we

5     gave the Court our estimate in August, as the Court

6     knows, the insanity motion was still pending and hadn't

7     yet been ruled on.  And we, we just think it's going to,

8     it's going to bleed over.

9          So if the Court has time, I -- you know, we

10    would recommend, maybe, setting it on a day earlier or

11    anticipate, if the case bleeds over, to the following

12    week.  I just want to give the Court a heads-up on that

13    and not have the Court be surprised if we need four and a

14    half days, or five days, to complete this case.

15         The government's case in chief will probably

16    still be three days, but addressing the defense and

17    putting on a rebuttal case may take another day to day

18    and a half.

19         THE COURT:  Mr. Kraemer, your thoughts?

20         MR. KRAEMER:  Your Honor, I would estimate that

21    my evidence will take approximately a day, so I would

22    share the same concern.  I would think that we're

23    probably looking at four days.

24         THE COURT:  All right.  We will start, then,

25    on -- well, it's easier for me to clear the 12th than it

1    is for me to move things on the 8th.

2             If we start on the 9th -- that's Tuesday -- are

3    both sides comfortable we'll be done, to the jury, by

4    Friday, the 12th?

5             MS. PEIRSON:  So if we start on Monday?  Is

6    that what you're saying?

7             THE COURT:  If we start on the 9th, Tuesday,

8    and I give you another day, the 12th, can we get done by

9    then?

10             (Brief pause in proceedings.)

11             MS. PEIRSON:  Your Honor, I think that we may

12    be doing closing arguments and jury instructions -- I

13    think the evidence will be four days.  The initial jury

14    selection and closing argument and instructions for the

15    jury are going to be outside of that four days.

16             THE COURT:  All right.  I will start on the

17    8th.  I jealously guard my Mondays and Fridays for other

18    hearings and sentencings, so I'm going to give those up.

19    I will not be happy if --

20             MS. PEIRSON:  If we could maybe just do the

21    afternoon of the 8th.

22             THE COURT:  No.  No.  We're calling a jury in.

23    They're going to be here in the morning --

24             MS. PEIRSON:  Okay.

25             THE COURT:  -- so I can get them moving.  So we

1  will start Monday, the 8th, at 9:30; and we will go all

2  the way through to the 12th.

3        So, Teresa, you and I will get together later

4  to move whatever needs to be moved on the 8th and the

5  12th.

6        COURTROOM DEPUTY:  Okay.

7        THE COURT:  We also have to move the other

8  trial that was already set there.

9        All right.  And while we're scheduling things,

10  this was our final pretrial, but that's also -- our trial

11  is now three months away, so we're going to revisit this

12  case again in a -- some type of motion hearing.  I hate

13  using the term "status hearing," but that's what we're

14  going to call it.

15        Monday, February 1st, at 10:30, we will have

16  what I am calling a status hearing.  There should be no

17  additional pretrial motions filed; so, essentially, I

18  will make sure that we have the same exhibit list,

19  witness list, that nothing has changed of significance.

20        Mr. Kraemer, you do not have to appear in

21  person for that.  We can do it by phone.

22        MR. KRAEMER:  Thank you, sir.

23        THE COURT:  Your client will be here in person,

24  but you don't have to be.  And unless your client wishes

25  to waive -- it's, it's merely a status-type hearing to

1    determine that nothing significant has changed.  When I

2    ask him -- you can talk with him.

3              (Brief pause in proceedings.)

4              MR. KRAEMER:  We would be fine with waiving his

5    presence.  That's fine.

6              THE COURT:  You understand, Mr. Gmoser:  You

7    have a right to be present at any and all hearings in a

8    criminal case?

9              DEFENDANT GMOSER:  Yeah.  Yes.

10             THE COURT:  All right.  And I just -- you just

11   consulted with your attorney for a few minutes.  The

12   purpose of this hearing is merely to make sure nothing

13   has changed from today in terms of the exhibit list, the

14   witness lists, et cetera.

15             And now you're telling me you do not wish to be

16   present for that hearing; is that correct?

17             DEFENDANT GMOSER:  That's correct.

18             THE COURT:  All right.  The defendant has

19   waived his presence at that hearing after consultation

20   with his attorney.  That is more -- it is more in the

21   nature of a scheduling-type hearing in any event.

22   Nothing substantive will be discussed such that his, the

23   Court believes his presence would be mandatory.

24             All right.  Other than speedy trial -- and just

25   so -- I mean, I think it goes without saying.  Don't ask,

1  either side, for a continuance again because it's not

2  happening.  I'm already not happy about this one.  So

3  unless someone has a heart attack -- and I hope none of

4  you do -- we're not, we're not moving -- or gets in a car

5  accident -- and I hope none of you have that happen

6  either -- we're not moving this trial.

7         All right.  Other than speedy trial findings,

8  anything further, Mrs. Peirson or Mr. Becker?

9         MS. PEIRSON:  Your Honor, could the Court

10  extend its sealing order of the parts of the indictment

11  and other documents that we've asked to keep sealed based

12  on the ongoing investigation until February 8th?

13         THE COURT:  Yes.  That's -- the Court so orders

14  that, based upon the continuance of February 8th.

15         Anything else --

16         MS. PEIRSON:  No, Your Honor.

17         THE COURT:  -- on behalf of the government?

18         Mr. Kraemer, anything you want me to address?

19         MR. KRAEMER:  No, sir.

20         THE COURT:  All right.  And I will -- I will

21  look forward to this being resolved.

22         All right.  So the current trial setting and --

23  is vacated.

24         Pursuant to 18 USC Section 3161(h)(7)(A), I

25  find that the ends of justice served by granting the

1  continuance of this trial outweigh the best interests of

2  the public and the defendant in a speedy trial.

3      I make this finding because the failure to

4  grant a continuance would be likely to make a

5  continuation of such proceeding impossible, or result in

6  a miscarriage of justice, and would also deny counsel for

7  both sides the reasonable time necessary for effective

8  preparation, taking into account the exercise of due

9  diligence.

10      Let me add for the record:  I am doing so only

11  because there is no objection, only because there was

12  consultation by both sides.  The Court's been advised

13  that this new date works for both sides.  There will be

14  no further continuances.

15      Thus, the Court finds that all times from

16  today's date to February -- I forgot what I said.  8th?

17      COURTROOM DEPUTY:  Yes.

18      THE COURT:  -- February 8, 2016, is excludable

19  time under the Speedy Trial Act.

20      That will be all for the record.  The defendant

21  is remanded to the custody of the United States Marshal

22  Service.

23      (Hearing concludes, 2:20 p.m.)

24

25      * * * * * * * * * *

1

2

3                    REPORTER'S CERTIFICATE

4

5        I, LISA KNIGHT COSIMINI, RMR-CRR, hereby certify

6   that the foregoing is a correct transcript from the

7   record of proceedings in the above-entitled matter.

8

9        Dated this 17th day of October, 2018.

10

11

12            _____  s/Lisa Knight Cosimini_____
                  Lisa Knight Cosimini, RMR-CRR
13                Illinois License # ███████████

14

15

16

17

18

19

20

21

22

23

24

25

```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
                                    Docket No. 14-20048
              Plaintiff,

    vs.                             Urbana, Illinois
                                    February 1, 2016
                                    10:31 a.m.
JASON T. GMOSER,

              Defendant.


                     STATUS HEARING

        BEFORE THE HONORABLE COLIN S. BRUCE
           UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S :

For the Plaintiff: ELLY M. PEIRSON, ESQUIRE
                   Assistant United States Attorney
```

```

                   KEITH A. BECKER, ESQUIRE
                   U.S. Department of Justice
                   Child Exploitation & Obscenity Section
```

```

For the Defendant: BRADLEY M. KRAEMER, ESQUIRE
                   Caparella-Kraemer & Associates, LLC
```

```


Court Reporter:    LISA KNIGHT COSIMINI, RMR-CRR
                   U.S. District Court
```
```

Proceedings recorded by mechanical stenography; transcript
produced by computer.
```

```
 1                    (In open court, 10:31 a.m.)

 2              COURTROOM DEPUTY:  This is in Case Number

 3  14-20048, United States of America versus Jason T.

 4  Gmoser.

 5              THE COURT:  The United States is represented by

 6  Elham M. Peirson.  Mr. Becker, from the Department of

 7  Justice, is also on the phone.

 8              Can you hear me, Mr. Becker?

 9              MR. BECKER:  I can.  Yes, Your Honor.

10              THE COURT:  And the defendant, who has waived

11  appearance at this hearing -- it's merely a status

12  hearing concerning some filing of documents.  The only

13  person present is his attorney, Mr. Kraemer.

14              Mr. Kraemer, can you hear me?

15              MR. KRAEMER:  Yes, sir, I can.  Good morning.

16              THE COURT:  Good morning.

17              All right.  This matter was set for a

18  miscellaneous status hearing.

19              Looking at my criminal trial check list for

20  pleadings, I'm missing the witness list from both sides.

21  Those need to be filed by close of business today.  I'm

22  missing the government's exhibit list.  That should be

23  filed by close of business today.

24              All right.  I know I have seen jury

25  instructions for the Gmoser case, but they are not in the
```

1    file; so perhaps I am -- wait a second.  No.

2            Mrs. Peirson, didn't -- wasn't there a copy of

3    jury instructions?

4            MS. PEIRSON:  Your Honor, I'm surprised by the

5    Court's --

6            THE COURT:  I know I've seen them.

7            MS. PEIRSON:  We have filed them.  We actually

8    filed two sets.  One is document 143, which is --

9            THE COURT:  That's it.  No.

10            MS. PEIRSON:  -- an unredacted version, and

11    then --

12            THE COURT:  Right, right, right.  No.  We're

13    good.

14            MS. PEIRSON:  We also filed an exhibit list and

15    a witness list; but we'll be filing an amended exhibit

16    list, probably in the next few days, that details more of

17    our exhibit list.  But I'll make sure that the Court has

18    a copy of what we initially filed as well as our witness

19    list, and I've emailed the jury instructions to

20    Ms. Klock.

21            THE COURT:  Right.  You emailed a copy, after

22    you filed them, to my chambers.

23            MS. PEIRSON:  I emailed them recently, but we

24    filed them back in November.

25            THE COURT:  Right.  So I think I have

1   everything other than -- the only thing I think I'm

2   missing is -- do you have any objection, Mr. Kraemer, to

3   the government's statement of the case?

4              MR. KRAEMER:  No, sir.  I do not.

5              THE COURT:  All right.  Then I have everything.

6   We have the stipulations.  There's five stipulations.

7              So the only two questions I had -- Mr. Kraemer,

8   first to you:  Did you have any objections to the

9   proposed voir dire questions?  There were two of them

10  recently filed by the government.

11             MR. KRAEMER:  I don't have any objection to

12  the, to the new questions.  No, sir.

13             THE COURT:  Okay.  Those will be in addition to

14  the other questions.

15             Just for the record, I'm not sure if I'm going

16  to read those or not.  I was in the middle of a

17  conversation with Senior Judge Baker.  My concern is

18  that -- twofold.  Number one, those -- I mean, I know

19  Mr. Becker works for the Child Exploitation and Obscenity

20  Section, but I'm concerned that these questions almost

21  shift the burden to placing the government's procedures

22  on trial.  Any argument attempting to place the

23  government on trial I would stop.  I don't want to start

24  off the trial by basically, in a way, placing the

25  government's investigation on trial.  The government's

1          THE COURT:  It's just a -- it's a ministerial

2    hearing.  That's why your client didn't need to be

3    present.

4          I'll see all counsel here on Monday at 9:15,

5    ready to go.

6          MR. KRAEMER:  Yes, sir.

7          THE COURT:  All right.  With nothing further,

8    that will be all for the record.  We'll be in recess.

9    Thank you.

10         MR. BECKER:  Thank you, Your Honor.

11         MR. KRAEMER:  Thank you, Your Honor.

12         THE COURT:  Oh, wait.  Did I enter the order

13   about the proposed voir dire sometime before Monday

14   morning?

15         MR. KRAEMER:  Yes, sir.

16         THE COURT:  That's all.

17              (Hearing concluded, 10:43 a.m.)

18              *  *  *  *  *  *  *  *  *  *

19              REPORTER'S CERTIFICATE

20        I, LISA KNIGHT COSIMINI, RMR-CRR, hereby certify
     that the foregoing is a correct transcript from the
21   record of proceedings in the above-entitled matter.

22        Dated this 15th day of October, 2018.

23

              _____    s/Lisa Knight Cosimini_____
24              Lisa Knight Cosimini, RMR-CRR
                                    084-002998
25

| Client | Atty | Case # | BOP Sentence | In BOP? | SR Sentence | On SR? | Out date | 2255 Case #2 |
|---|---|---|---|---|---|---|---|---|
| Logan, Shannon | ERP | 14-20042 | 300 months | Yes | 30 years | BOP | 3/9/2036 | |

| Letter sent? | Sent by | Notes | Do They Want to Proceed? |
|---|---|---|---|
| 11/26/2018 | MDK | Yes | |

GOV. APP. 126



### FEDERAL PUBLIC DEFENDER
### CENTRAL DISTRICT OF ILLINOIS

November 26, 2018

Shannon Logan
Reg. No. 19606-026
FCI Pekin
█████████
Pekin, IL 61555

Re:    Misconduct of Judge Bruce

Dear Shannon:

Earlier this year the United States Attorney's Office for the Central District of Illinois disclosed that one of its employees had improper, *ex parte* communications with Judge Bruce during the trial in *United States v. Nixon*, Case No. 15-CR-20057 (C.D. Ill.). Further investigation revealed that Judge Bruce had engaged in similar misconduct in other cases. To date, I have not received any information that Judge Bruce engaged in such misconduct in your case.

Based on Judge Bruce's misconduct in the *Nixon* case, my office filed a motion for new trial alleging the emails establish that Judge Bruce is biased in favor of the government and against criminal defendants. A trial before a biased judge violates due process and is a structural error requiring a new trial. The same is true for a guilty plea and sentencing before a biased judge. I am enclosing a copy of the new trial motion filed in *Nixon* which sets forth the emails that have been disclosed, why they establish Judge Bruce's bias, and the law dealing with biased judges.

Even though there are no emails between Judge Bruce and the United States Attorney's office regarding your case, in my opinion you have a potentially meritorious claim that could be raised in a motion to vacate your sentence filed pursuant to 28 U.S.C. § 2255 that Judge Bruce's bias deprived you of your right to due process of law both when you pled guilty and when you were sentenced. I say "potentially meritorious" as there is no guarantee the district court would grant the motion. Even if your sentence is vacated, there is no guarantee you would receive a lower sentence.

The decision to file or not file a § 2255 motion is yours to make. If you want to file a § 2255 motion our office can represent you and file the motion for you. As Judge Bruce has been removed from all criminal cases based on his misconduct, your motion would most likely be

---

FEDERAL
PUBLIC DEFENDER
Thomas W. Patton

SENIOR LITIGATOR
George Taseff

ASSISTANT DEFENDERS
Robert Alvarado
Johanna Christiansen
Daniel Hillis
Brian Mullins
Douglas J. Quivey

Karl Bryning
Peter Henderson
Johanes Maliza
Elisabeth Pollock
Colleen Ramais

OFFICES

Peoria, IL 61602

Springfield, IL 62701

██████████
██████████ (fax)

Website http://ilc.fd.org



PP. 127

assigned to a different judge. Please let me know as soon as possible if you want to challenge your conviction and sentence.

Sincerely,

*s/ Thomas W. Patton*

Thomas W. Patton

Enclosure

RECEIVED
DEC 1 0 2018
BY:...................

Dear Thomas Patton

Thank you for your time and Consideration as I pleased that you thought of me. Yes I would like you to represent me and file a 2255 motion on my behalf. Also you may now that not to long ago a law was passed about recieving and possession "is the same thing" double jeaperdy" even though it was not in my district my ex lawyer Elizabeth Pollock told me me it would not hurt to try. I want to file that as well atleast it would drop 3 counts down to 2 counts and I get $100.00 back from my FRP payment with the possability less time..

thank you

Shannon
Logan

PS If you need anything from me let me know ☺.

Shane Logan

19606-026

Federal Correctional Institution

Pekin, IL 61555

Thomas Patton

Federal Public Defenders Office

401 Main St Suite 1600

Peoria IL 61602

5160281514

PEORIA IL 616

07 DEC 2018 PM 1 L

Happy Holidays



USA



### FEDERAL PUBLIC DEFENDER
### CENTRAL DISTRICT OF ILLINOIS

January 4, 2019

Mr. Shannon Logan
Reg. No. 19606-026
FCI Pekin
███████████
Pekin, IL  61555

**RE:    United States v. Shannon Logan**

Dear Mr. Logan:

We received your letter December 10, 2018.  We will be moving forward on your behalf.  I will keep you informed as to the status of your case.  I will also send you copies of any documents that will be filed on your behalf.

Yours very truly,

*/s/ Thomas W. Patton*

Thomas W. Patton
Federal Public Defender

TWP*fab

---

| FEDERAL | ASSISTANT DEFENDERS | | OFFICES | |
| PUBLIC DEFENDER | Robert Alvarado | Karl Bryning | | Springfield, IL 62701 |
| Thomas W. Patton | Johanna Christiansen | Peter Henderson | | |
| | Daniel Hillis | Johanes Maliza | Peoria, IL 61602 | |
| SENIOR LITIGATOR | Brian Mullins | Elisabeth Pollock | | |
| George Taseff | Douglas J. Quivey | Colleen Ramais | | Urbana, IL 61█ |

Website  http //ilc.fd.org



APP. 131

RECEIVED
JAN 1 1 2019
BY:----------------------

Dear MR. Patton

I wrote a letter to you on Nov 28 stating that I want you to represent me and go ahead and file 2255 on this matter plus the matter of the "Double Jesperdy" that passed in the 8th district of recieving and possesion being the same thing. Plus does the new law that passed of the 65% help me at all? I did not recieve a conformation letter from you so I did not know weither you got my first letter or not? Thank you for your time.

Shannon

Shannon Logan
19606-026
Federal Correctional Institution
Pekin, IC 61555

PEORIA IL 616
10 JAN 2015 PM 1 T

Thomas Patton, Federal Public Defender
Federal Public defenders office
401 Main St Suite 1500
Peoria, IL 61602

61602±1,340



GOV. APP. 133

Dear Thomas



1-27-19

I am giving you a heads up that
I will be going to a low in a couple of
weeks. I will give you my new address
once I get where I am going.

Shannon

GOV. APP. 134

Hannon Logan
9606 026
Federal Correctional Institution
2K.i, IL 61555

Thomas Patton Federal Public Defender
Federal Public Defender's Office
401 Main St, Suite 1500
Peoria, IL 61602

61602131340

PEORIA IL 616
29 JAN 2013 PM 2 S



USA

RECEIVED
MAR 1 8 2019
BY:.....................

Dear Thomas

I am now at my low here is
my new address

Shannon Logan
19606-026
Fort Dix FCI
Federal correctional Institution
P.O Box 2000
Joint Base MDL, NJ 08640

thank you

Shannon

Shannon Lovan
18606-026
Fort Dix FCI
Federal correctional Institution
Joint Base MDL, NJ 08640

6160281340 0034

Thomas Patton
Federal Public Defender's office
401 main St Suite 1500
Peoria, IL 61602



RECEIVED
APR 0 1 2019
BY: _____

Dear Thomas                                              3-26-19

    I recieved a letter from John C Milhiser today I guess they couldn't find anything in my case but I was wondering what about the other 2255 on the "Double Jeopardy" of recieving and possession ?? Why does this have MS. Pollock on here and not your name ?? Please let me know

thank you

Shannon

GOV. APP. 138

Shannon Logan
19606-026
Fort Dix FCI
Federal Correctional Institution
Joint Base MDL, NJ 08640

TRENTON NJ 085

27 MAR 2019 PM 5 L

61602-134099

Thomas Patton
Federal Public Defenders Office
401 Main St. Suite 1500
Peoria, IL 61602



GOV. APP. 139



### FEDERAL PUBLIC DEFENDER
### CENTRAL DISTRICT OF ILLINOIS

January 29, 2020

Mr. Shannon Logan
Reg. No. 19606-026
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Re:   Litigating Judge Bruce Misconduct


Dear Mr. Logan:

You have previously asked for my office's assistance in litigating any potential claim you may
have regarding Judge Bruce's actions in engaging in repeated *ex parte* communications with
the United States Attorney's Office. I have counseled you to wait to file any pleading while my
office and the United States Attorney's office litigated the matter in *United States v. Nixon*, 15-
20057. That litigation has not yet concluded. I told you that I had negotiated an agreement
with the United States Attorney's office to toll, or suspend the statute of limitations for filing a
motion under 28 U.S.C. § 2255 based on Judge Bruce's misconduct. That agreement preserved
the claim that Judge Bruce was actually biased against defendants. I have enclosed a copy of
the agreement.

The agreement did *not* preserve the right to raise a claim that Judge Bruce's failure to recuse
himself from cases pursuant to the federal recusal statue, 28 U.S.C. § 455(a) violated your
rights and supports either a new trial or a new sentencing. It was that argument that resulted
in the Seventh Circuit ordering a new sentencing hearing in *United States v. Atwood*, 941 F.3d
883 (7th Cir. 2019). I requested the United States Attorney's office expand the tolling
agreement to include an *Atwood* claim. United States Attorney John Milhiser informed me on
Monday, January 27, 2020, that he would not agree to expand the tolling agreement. So, I did
not properly preserve your right to raise an *Atwood* claim and as a result the statute of
limitations for raising such a claim may have run out. That was a serious legal error on my
part.

There is a legal doctrine that can allow a court to excuse the running of the statute of
limitations on § 2255 motions. This doctrine is called equitable tolling. That doctrine applies
when a defendant has been misled or misinformed regarding when the statute of limitations

FEDERAL
PUBLIC DEFENDER
Thomas W. Patton

SENIOR LITIGATOR
George Taseff

ASSISTANT DEFENDERS
Robert Alvarado
Karl Bryning
Peter Henderson
Johanes Maliza
Elisabeth Pollock

Rosie Brown
Johanna Christiansen
Daniel Hillis
Brian Mullins
Colleen Ramais

OFFICES

Peoria, IL 61602

Springfield, IL 62701

Website  http //ilc.fd.org



would run out. In my opinion, that is what I have done, misled you into believing I had properly preserved all of your claims regarding Judge Bruce's misconduct.

To obtain the benefit of the equitable tolling doctrine a defendant must act promptly after discovering they have been misled or misinformed regarding the statute of limitations. Accordingly, it is important that you very quickly file a § 2255 motion raising the issue of Judge Bruce's misconduct if you wish to seek relief in your case. You can raise whatever other issues you like, but make sure you raise every issue you would like to argue as it will be hard to add any claims at a later time. You can include this letter with your filing in support of your claim for equitable tolling.

I am very sorry for my failure to properly preserve your rights. There is no excuse for my mistake and I am sorry it has harmed your claim for relief.

Sincerely,

s/ *Thomas W. Patton*

Thomas W. Patton

TWP/mdk
Enclosure

Shannon Logan
19606-026   Unit 5752
Federal Bureau of Prisons
FCI Fort Dix
███████████

Joint Base MDL, N.J. 08640

Thomas W. Patton
Federal Public Defender
Federal Public Defender's Office
███████████

Peoria, IL 61602                         August 31, 2020

        In re  United States v. Shannon Logan,
               Case No. 14-cr-20042 (C.D.Ill.)

Dear Mr. Patton

        I am in receipt of your letter dated January 20, 2020.
In regards to Judge Bruce's misconduct which I know could not
have been foreseen in advance of your assistance of me along
with your admission that you failed to preserve my rights to
file a 2255 motion leaves me with major problems.
        First, I have no ability to represent myself.  Second,
I have no ability to select another attorney or public defender
to assist me in making the filings that you suggest.  Third,
I was told (rightfully or wrongfully) that a request to file an
"out of time" or subsequent 2255 could be done on motion and
approval of the court.
        I would request that since a "shortcoming" in your office
placed me in this strange situation; that you locate a public
defender even if it is someone else within your office or in the
Springfield or Urbana offices if that is an option.
        We are locked down due to the COVID-19 Pandemic and do
not even have access to all of the legal library assets.
        I really could use your assistance.

                        Sincerely,


                        Shannon Logan

Shannon Logan 19606-026
Fort Dix FCI.
Joint Base MDL, NJ 08640

TRENTON NJ 085
01 SEP 2020 PM 4 L

Thomas Patton, Federal Public Defender
Federal Public Defender's Office
401 Main Street, Suite 1500
Peoria, IL 61602

61602-134099





## FEDERAL PUBLIC DEFENDER
## CENTRAL DISTRICT OF ILLINOIS

September 16, 2020

Mr. Shannon Logan
Reg. No. 19606-026
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Re: Ruling on New Trial Motion in *United States v. Nixon*, No. 15-20057

Dear Mr. Logan,

You are receiving this letter because you contacted our office regarding filing a motion to vacate your sentence pursuant to 28 U.S.C. § 2255 based on Judge Bruce's emails with the United States Attorney's office. I counseled you to wait to file any pleading while my office and the United States Attorney's office litigated the matter in *United States v. Nixon*, 15-20057. I told you that I had negotiated an agreement with the United States Attorney's office to toll, or suspend the statute of limitations for filing a motion under 28 U.S.C. § 2255 based on Judge Bruce's misconduct and I sent you a copy of the tolling agreement. That agreement gives you 60 days from the day the new trial motion was decided to file your § 2255 motion.

On August 19, 2020, Judge James Shadid granted Mr. Nixon's motion for new trial, finding that Judge Bruce's failure to recuse himself from Ms. Nixon's case required a new trial. That gives you to October 19, 2020, to file a § 2255 motion with the court.

I have previously sent you a letter concerning my failure to preserve a claim that Judge Bruce violated 18 U.S.C. § 455(a) by not recusing himself from your case. It was that argument that resulted in the Seventh Circuit ordering a new sentencing hearing in *United States v. Atwood*, 941 F.3d 883 (7th Cir. 2019). And, it was that argument that led to Judge Shadid granting Ms. Nixon a new trial. In that letter I counseled you to file a § 2255 motion immediately if you still wished to pursue that avenue of relief. If you have already done that there is nothing more you need to do at this point.

If you want to go forward with a § 2255 motion and you have not yet filed one you must file a *pro se* motion *immediately*. I cannot file the motion for you. I have enclosed the § 2255 form approved by the Administrative Office of the United States Court for your convenience. Fill out the form to the best of your ability. Do not worry if it is not perfect. In the grounds for

---

FEDERAL
PUBLIC DEFENDER
Thomas W. Patton

SENIOR LITIGATOR
George Taseff

ASSISTANT DEFENDERS
Robert Alvarado
Karl Bryning
Peter Henderson
Daniel Hillis
Elisabeth Pollock

Rosie Brown
Johanna Christiansen
Jennifer Hart
Johanes Maliza
Colleen Ramais

OFFICES




Website http://ilc.fd.org

relief you can argue whatever you like but in the cases I have been appointed in I have argued that Judge Bruce is actually biased against criminal defendants in violation of the Due Process Clause and that Judge Bruce violated 18 U.S.C. § 455(a) by not recusing himself from all criminal cases. You do not have to cite any case law but you can if you chose. The important point is to get the motion filed *immediately*. Chief Judge Sara Darrow has been appointing counsel in all the Judge Bruce § 2255 motions and I expect she will do so in your case. If she does, your lawyer (it may not be me) will be allowed to file an amended motion that sets forth the legal argument in more detail. Again, the important point is to get the motion in the mail for filing *immediately.*

Sincerely,

*/s/ Thomas W. Patton*

Thomas W. Patton

Enclosures



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*Urbana Division Office*

John C. Milhiser
United States Attorney

Urbana Federal Building and U.S. Courthouse
█████
*Urbana, Illinois 61802 3369*
█████
█████

March 19, 2019

**VIA E-MAIL**
Elisabeth R. Pollock
Federal Public Defender's Office
█████
Urbana, IL 61801
█████@fd.org

**VIA CERTIFIED MAIL**
Shannon Logan #19606-026
FCI Pekin
Federal Correctional Institution
█████
Pekin, IL 61555

    Re:    *United States v. Shannon Logan*,
            Case No. 14-cr-20042 (C.D. Ill.)

Dear Ms. Pollock and Mr. Logan:

    The U.S. Attorney's Office for the Central District of Illinois has learned of an ex parte communication between the Hon. Colin S. Bruce, U.S. District Judge, and a staff member in our office that occurred in December 2016 and related to the case of *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.). *See* Bates Nos. 2539-2548 (enclosed).

    Following our office's discovery of that communication, we searched our records for all documented communications, including non-ex-parte communications, which occurred between Judge Bruce and at least one member of our office. Our search resulted in the identification of approximately 1,230 such communications.

    Of those approximately 1,230 communications, we identified approximately 100 communications that constituted potentially unauthorized ex parte communications. The government has since turned over copies of those approximately 100 communications in the case(s) to which each communication related, with the exception of three email strings (11 emails total) where the government was not able to determine the related case(s).

    In general, but not exclusively, the potentially unauthorized ex parte communications that involved Judge Bruce and U.S. Attorney's Office personnel related to the scheduling of hearings; the provision of documents, such as plea agreements and jury instructions, to the judge in advance of a hearing or trial; and the judge inquiring

about (and/or U.S. Attorney's Office personnel informing the judge of) whether the government anticipated a particular case(s) was proceeding to trial.

Some of the communications, including non-ex-parte communications, also revealed that Judge Bruce, a former Assistant United States Attorney, maintained a degree of friendship with some of his former colleagues after he became a federal judge in October 2013. For instance, some of the communications revealed that the judge and some members of the U.S. Attorney's Office at times engaged in friendly banter; discussed inside jokes, common experiences, and political topics; and used first names, nicknames, and unprofessional titles.

Since the government's disclosure of the potentially unauthorized ex parte communications, three defendants have filed post-judgment motions in which each defendant has alleged that communications between Judge Bruce and our office demonstrate that the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Gmoser*, Case No. 14-cr-20048-004 (C.D. Ill.) (motion for new trial and supplemental motion under Rule 33 filed on October 3 and December 28, 2018); *United States v. Nixon*, Case No. 15-cr-20057 (C.D. Ill.) (motion for new trial under Rule 33 filed on October 25, 2018); and *Shannon v. United States*, Case No. 18-cv-2233 (C.D. Ill.) (motion under 28 U.S.C. § 2255 filed on September 17, 2018). Additionally, one defendant has raised on direct appeal the issue of whether Judge Bruce erred by failing to disqualify himself under 28 U.S.C. § 455(a) and/or whether the judge had a disqualifying bias in violation of the Due Process Clause. *See United States v. Atwood*, No. 18-2113 (7th Cir.) (opening brief filed January 17, 2019).

The Hon. James E. Shadid, Chief United States District Judge, is presiding over each of the district court cases, and the motions are still pending. The *Atwood* appeal is also still pending.

Our records reveal that Judge Bruce presided over at least one of the following proceedings in your (or your client's) case:

A.   A change-of-plea hearing or the adoption of a magistrate judge's report and recommendation concerning the change of plea hearing;

B.   A trial that resulted in a guilty verdict;

C.   A sentencing hearing; or

D.   A revocation of supervised release or an adverse modification of a term or condition of supervised release.

It is our position that Judge Bruce did not have a disqualifying bias in your case, or in any other defendant's case. Nonetheless, we are advising you that at least four defendants are contending otherwise based on the communications between the judge and members of our office.

If you are a defendant, please do not contact this office. Instead, if you are presently represented by an attorney, contact your attorney. If you are not represented by an attorney, you may contact the Office of the Federal Public Defender at ▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ Peoria, Illinois 61602, with any questions that you might have. Again, please do not contact this office if you are a defendant.

Respectfully yours,

JOHN C. MILHISER
UNITED STATES ATTORNEY

By: ▆▆▆▆▆▆▆▆▆▆▆▆▆
Elham M. Peirson
Assistant United States Attorney

Encl.

Order of the Chief Judge dated February 14, 2019
Bates Nos. 2539-2548