UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | Case No. 2:14-cr-20042-SLD |
| ) | |
| SHANNON LOGAN, ) | |
| ) | |
| Defendant-Petitioner. ) | |

ORDER

Before the Court are Defendant-Petitioner Shannon Logan's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Pro Se 2255 Motion"), ECF No. 29; counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Counseled 2255 Motion"), ECF No. 31; and motion for a status conference, ECF No. 34. For the reasons that follow, the § 2255 motions are DENIED, and the motion for a status conference is MOOT.

BACKGROUND

In July 2014, Logan was indicted on charges of distribution (count one), receipt (count two), and possession (count three) of child pornography. Indictment 1–3, ECF No. 1. Assistant Federal Public Defender Elisabeth Pollock was appointed to represent him. July 29, 2014 Min Entry. Logan pleaded guilty to the charges against him pursuant to a plea agreement. Plea Agreement, ECF No. 11; R. & R. Concerning Plea Guilty, ECF No. 14; Order Approving Magistrate Judge Recommendation, ECF No. 16.

The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR") in advance of sentencing. *See* PSR, ECF No. 18. The PSR listed his total offense level as 39, *id.* ¶ 40, and his criminal history category as I, *id.* ¶ 43. For counts one and two, the

minimum term of imprisonment was five years, and the maximum was twenty years. *Id.* ¶ 63 (citing 18 U.S.C. § 2252A(a)(2)(A), (b)(1)). For count three, the maximum term of imprisonment was ten years. *Id.* (citing 18 U.S.C. § 2252A(a)(5)(B), (b)(2)). The Sentencing Guidelines range for imprisonment based on a total offense level of 39 and a criminal history category of I would be 262 to 327 months, but Logan's was 240 months for counts one and two and 120 months for count three due to the statutory maximums. *Id.* ¶ 64. Logan stipulated that these calculations were correct. Not. Withdrawal Obj. 2, ECF No. 22.

The parties agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence for Logan was a term of imprisonment of at least 151 months and no more than 300 months on counts one and two and 120 months on count three. Plea Agreement ¶ 19. On February 2, 2015, U.S. District Judge Colin Bruce, who was then presiding over the case, sentenced Logan to a total term of 300 months of imprisonment: 240 months on count one, the distribution charge; 240 months on count two, the receipt charge, with 60 months of that term to be served consecutively to the sentence on the distribution charge; and 120 months on count three, the possession charge, to be served concurrently to the terms of imprisonment on the other two counts. Judgment 1–2, ECF No. 24. Logan did not appeal.

Logan filed the Pro Se 2255 Motion in October 2020. *See* Pro Se 2255 Mot. 12.[1] He argues that Judge Bruce presiding over his case violated his due process rights because Judge Bruce was biased against him. *Id.* at 4. This claim is based on *ex parte* communications between Judge Bruce and the United States Attorney's Office for the Central District of Illinois ("USAO") that came to light in 2018. *See United States v. Atwood*, 941 F.3d 883, 884–85 (7th Cir. 2019) (providing a brief explanation of the discovery and disclosure of the

---

[1] The Court uses the page numbers generated by CM/ECF because the Pro Se 2255 Motion is not consistently paginated.

communications). Logan also argues that convicting him of receipt and possession of child pornography violated the Double Jeopardy Clause of the Fifth Amendment. Pro Se 2255 Mot. 9.

Judge Bruce recused himself from hearing Logan's Pro Se 2255 Motion and the case was reassigned to this Court. *See* Oct. 19, 2020 Text Order of Recusal. The Court appointed counsel to represent Logan. Oct. 26, 2020 Text Order. Counsel then filed the Counseled 2255 Motion "which is intended to supplement [Logan's] *pro se* pleading." Counseled 2255 Mot. 1. In the Counseled 2255 Motion, Logan reasserts his due process claim based on Judge Bruce's communications and adds claims that Judge Bruce should have recused himself under 28 U.S.C. § 455(a) due to an appearance of bias and that the Federal Public Defender's office ("FPD") provided Logan with ineffective assistance of counsel by failing to raise a claim based on Judge Bruce's communications in Logan's appeal and by failing to properly secure tolling agreements. *Id.* at 12, 22–24.

The Government argues that Logan waived his right to collaterally attack his conviction and sentence, that his § 2255 motions are untimely, that he cannot show that Judge Bruce was biased against him, that any violation of § 455(a) is not cognizable on § 2255 review, and that he cannot show prejudice from any alleged ineffective assistance of counsel. Resp. 1, ECF No. 32.

No reply was filed, though Logan later filed a motion for a status conference.

## DISCUSSION

### I. Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521

(7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

## II.    Analysis

In his plea agreement, Logan waived the right to collaterally attack "his plea agreement, conviction and sentence" so long as his sentence was within the statutory maximum. Plea Agreement ¶¶ 23–24.[2] The Government argues that this waiver bars all of Logan's claims. *See* Resp. 5–9.

"It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013).[3] If a collateral review waiver is voluntary and knowing, it is generally enforceable. *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012). "There are only limited instances when [the court] will not enforce a knowing and voluntary waiver of . . . collateral review . . . ." *Id.* Waivers are unenforceable, for example, if "the district court relied on a constitutionally impermissible factor (such as race)" in determining the sentence or "the sentence exceeded the statutory maximum." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (quotation marks omitted). Waivers are also unenforceable "against claims that counsel was ineffective in the negotiation of the plea

---

[2] The waiver explicitly excepts "only those claims which relate directly to the negotiation of th[e] waiver itself." Plea Agreement ¶ 24. But case law indicates that collateral review waivers are unenforceable against all claims of ineffective assistance of counsel that relate to negotiation of the plea agreement more broadly. *See Hurlow v. United States*, 726 F.3d 958, 964–66 (7th Cir. 2013).

[3] The Seventh Circuit analyzes waivers of the right to appeal and to bring a collateral attack similarly. *See, e.g., Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("Our reasons for upholding the voluntariness requirement in the context of waivers of direct appeal rights apply with equal force to the right to bring a collateral attack pursuant to § 2255.").

4

agreement." *Hurlow*, 726 F.3d at 964. There are also "at least some due process exceptions to a waiver." *United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014). For example, a waiver "will not prevent a defendant from challenging . . . deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)." *Id.* at 192–93 (quotation marks omitted).

All of Logan's claims fall within the broad scope of the waiver. See Plea Agreement ¶ 24 (waiving "his right to challenge any and all issues relating to his plea agreement, conviction and sentence . . . in any collateral attack"). He raises ineffective assistance of counsel claims, but none relates to negotiation of the plea agreement, which would be excepted from the waiver. *See Hurlow*, 726 F.3d at 965–66.

As Logan failed to mention the waiver in either his Pro Se 2255 Motion or Counseled 2255 Motion and did not file a reply, he has not argued that the waiver was not entered into voluntarily and knowingly. In any case, the record demonstrates that it was. Logan signed the plea agreement, Plea Agreement ¶ 30, and represented that the collateral review waiver was entered into voluntarily and knowingly, *see id.* ¶ 25 (acknowledging that he was "waiving [his rights to appeal and collaterally attack his sentence] because he *personally* believe[d] it [wa]s in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement"); *id.* (stating that he was not "coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence"); *id.* ¶ 30 (stating that he had "read th[e] entire Plea Agreement carefully and . . . discussed it fully with [his] attorney" and that he fully understood and accepted the agreement "without reservation, including the paragraphs labeled 'Waiver of Right to Appeal' and 'Waiver of Right to Collateral Attack'").

And, again, as Logan has not addressed the waiver, he has not identified any reason for the Court not to enforce it. The Court finds no exception recognized by the Seventh Circuit applies. There is no allegation that the sentence was based on a constitutionally prohibited factor like race or gender or that the sentence exceeds the statutory maximum. *See Adkins*, 743 F.3d at 192. And in the absence of any argument from Logan that there is a due process exception for a claim that a judge was actually biased against a defendant, *see Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) ("Due process guarantees an absence of actual bias on the part of a judge." (quotation marks omitted)), the Court is not inclined to find one exists. Indeed, other courts have enforced waivers against judicial bias claims. *See United States v. Carver*, 349 F. App'x 290, 292–94 (10th Cir. 2009); *Anderson v. United States*, No. CV 12-1025 MCA/WPL & CR 10-0086 MCA, 2013 WL 12164686, at *5–6 (D.N.M. Mar. 7, 2013), adopted by 2015 WL 12859352, at *3–4 (D.N.M. Aug. 17, 2015).

Even if there were such an exception, the Court finds that Logan has not shown that Judge Bruce was biased against him. "Due process requires 'a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case.'" *Shannon v. United States*, 39 F.4th 868, 883 (7th Cir. 2022) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997)). A due process claim can be proved by evidence of the judge's actual bias or by showing that "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Id.* (quoting *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017)). Logan's argument that Judge Bruce was biased against him is based on Judge Bruce's communications with the USAO. *See, e.g.*, Counseled 2255 Mot. 4–15. These communications have been detailed and summarized elsewhere. *See Shannon*, 39 F.4th at 883 (citing *In re Complaints Against District Judge Colin S. Bruce*, Nos. 07-18-90053 & 07-18-

90067 (7th Cir. Jud. Council May 14, 2019), http://www.ca7.uscourts.gov/judicial-conduct/judicial-conduct_2018/07_18-90053_and_07-18-90067.pdf).

The Seventh Circuit has decided a few cases involving due process bias claims based on Judge Bruce's communications with the USAO which are instructive here. In *United States v. Williams*, 949 F.3d 1056, 1061–63 (7th Cir. 2020), the court held that Judge Bruce presiding over a defendant's trial did not violate the defendant's due process rights where the defendant relied primarily on the *ex parte* communications but they did not concern the defendant's case. It noted that the Special Committee appointed by the Judicial Council of the Seventh Circuit to review complaints against Judge Bruce related to the *ex parte* emails "found no evidence and received no allegation that Judge Bruce's conduct or ex parte communications impacted any of his rulings or advantaged either party." *Id.* at 1061–62 (quotation marks omitted). Moreover, the court noted that though the communications exposed a preexisting relationship with members of the USAO, such a relationship "alone does not create a due process violation." *Id.* at 1062. It found that the defendant had "presented no evidence to rebut th[e] presumption" that "judges rise above . . . potential biasing influences." *Id.* (quotation marks omitted). Logan relies on the same communications that were relied on in *Williams* and considered by the Special Committee, and he points to no communications that concern his case specifically or any evidence showing that the communications impacted his case. *See* Counseled 2255 Mot. 14–15.

In *Shannon*, the Seventh Circuit found that Judge Bruce's participation in a defendant's sentencing hearing, as opposed to only his trial, may warrant a different result under the due process clause because judges have considerable discretion at sentencing. *Shannon*, 39 F.4th at 884–86. In that case, Judge Bruce made comments at sentencing that the court concluded could have been interpreted as a warning that if the defendant appealed, he would impose a harsher

7

sentence. *Id.* at 886–87. Though it ultimately declined to rule on whether there was a due process violation, the Seventh Circuit appeared to be troubled by the combination of the *ex parte* emails and the comments. *See id.* at 884 (declining to resolve the constitutional issue and instead remanding for resentencing under the court's supervisory authority). But here, Logan points to no similar comment that would lend itself to a finding that Judge Bruce was biased against him. Instead, Logan is relying on the *ex parte* emails alone. Counseled 2255 Mot. 14–15. Thus, Logan has failed to show either actual bias or a risk of bias so high that it violates due process.

Logan's claims are barred by his collateral attack waiver. With respect to Logan's due process bias claim, the Court rules in the alternative that Logan has failed to show that Judge Bruce was biased against him.[4]

---

[4] The Court would deny Logan's other claims on alternate grounds as well. First, this Court has found that claims that a judge violated 28 U.S.C. § 455(a) are not cognizable under § 2255 unless the § 455(a) error is a fundamental defect which results in a complete miscarriage of justice. *United States v. Ingram*, No. 2:16-cr-20074-SLD-EIL, 2023 WL 3358297, at *6–8 (C.D. Ill. May 10, 2023). Any § 455(a) error here does not result in a complete miscarriage of justice where Logan pleaded guilty to all the charges against him, Judge Bruce did not rule on any substantive pretrial motions, and Judge Bruce sentenced Logan to a term of imprisonment within an agreed upon range. Second, Logan's ineffective assistance of counsel claims are meritless. Logan did not appeal and his time to appeal expired long before the *ex parte* communications came to light, *see* Fed. R. App. 4(b)(1)(A)(i) (providing that a defendant's notice of appeal must be filed within fourteen days of the entry of judgment), so the FPD could not have been ineffective for failing to raise an issue based on those communications in Logan's appeal. *See* Counseled 2255 Mot. 23. Moreover, he had no constitutional right to counsel beyond his direct appeal, *see Coleman v. Thompson*, 501 U.S. 722, 756 (1991) ("[A] criminal defendant has no right to counsel beyond his first appeal . . . ."); *cf. Garza v. Idaho*, 139 S. Ct. 738, 749 (2019) ("There is no right to counsel in postconviction proceedings . . . ." (citation omitted)), so any deficient performance with respect to securing tolling agreements does not create a Sixth Amendment violation. Lastly, Logan's double jeopardy claim has no merit. "Where separate images form the bases for separate receipt and possession [of child pornography] counts, there can be no double jeopardy violation." *United States v. Halliday*, 672 F.3d 462, 470 (7th Cir. 2012). The indictment indicates that the receipt charge (count two) arises out of the receipt of child pornography on May 20, 2014, whereas the possession charge (count three) arises out of images possessed between May 28, 2014, and May 30, 2014. Indictment 2. The indictment also indicates that count three is based on more images than count two. *See id.* (alleging that Logan "did knowingly possess . . . images and videos of child pornography in addition to those images charged in Counts One and Two"). And the plea agreement indicates that count two is based on one particular image that Logan "confirmed . . . he received . . . via file transfer from" a chat room, Plea Agreement 15, whereas count one is based on additional images and videos investigators found, *id.* at 12–15.

### III. Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Logan has failed to make a substantial showing of the denial of a constitutional right, so the Court declines to issue a certificate of appealability.

## CONCLUSION

Accordingly, Defendant-Petitioner Shannon Logan's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 29, and counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 31, are DENIED. His motion for a status conference, ECF No. 34, is MOOT in light of this Order. The Clerk is directed to enter judgment and close the accompanying civil case, No. 2:20-cv-02303-SLD.

Entered this 14th day of March, 2024.

                                                                                s/ Sara Darrow
                                                                               SARA DARROW
                                      CHIEF UNITED STATES DISTRICT JUDGE